UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC. f/k/a AEROJET-GENERAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AEROSPACE, INC., et al.,<br><br>Defendants. | No. 2:17-cv-01515-KJM-AC<br><br>ORDER |

Global Aerospace, Inc., et al. (collectively, "Global") moves to bifurcate litigation of plaintiff Aerojet's breach of contract claim from its breach of the implied covenant of good faith and fair dealing and other California state law claims. Additionally, Global moves for a protective order staying discovery relating to Aerojet's second and third claims pending resolution of the breach of contract claim. For the reasons set forth below, Global's motions are DENIED.

I.  BACKGROUND

    A.  Factual Background

Aerojet's claims arise from Global's denial of insurance coverage under two written contracts relating to two incidents that occurred in May and October 2014, respectively.

FAC ¶¶ 1, ECF No. 63-1. Three teams investigated the October incident: the Federal Aviation Administration ("FAA") Accident Investigation Board led by Orbital ATK (the entity that later settled with Aerojet), a National Aerospace Administration ("NASA") Independent Review Team, and an Aerojet independent investigation team. FAC ¶¶ 42, 50. Those investigations produced competing theories as to the root cause of the October incident. *Id.* The parties dispute whether and to what extent Global knew about the settlement negotiations between Aerojet and Orbital ATK after the incidents. *Compare* FAC ¶¶ 46, 48-49, *with* Mot. at 4, ECF No. 38-1. After the settlement between Aerojet and Orbital ATK, Aerojet forwarded the settlement to Global for partial reimbursement according to Global's policies. FAC ¶ 52. Global then performed a separate investigation relying on Aerojet's findings and publicly available information. Mot. at 5. Based on this investigation, Global denied coverage. *Id.*

B. Procedural History

Aerojet sued in California state court on June 26, 2017. ECF No. 9-3 at 1. Global removed to this court based on diversity jurisdiction. ECF No. 1-2 at 1. The parties later submitted a joint status report ("JSR"). JSR at 1, ECF No. 30. Neither party contemplated discovery on all claims and defenses simultaneously. *Id.* at 5. Nor did either party anticipate any need to phase discovery. *Id.* This court issued its pretrial scheduling order on December 7, 2017, and the parties have been proceeding with discovery since that time. ECF No. 32. In February 2018, Global filed its motions for bifurcation and a protective order. Mot. at 1, ECF No. 38-1; Mot. Prot. Order at 1, ECF No. 39. Aerojet opposes. Opp'n, ECF No. 43. Global replied. ECF No. 47. The court resolves the two motions below.

II. LEGAL STANDARD

A. Bifurcation

A decision declining to bifurcate comports with normal trial procedure despite bifurcation's availability as a trial management tool. *Hangarter v. Provident Life and Assoc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (explaining normal procedure is to try compensatory and punitive damage claims together because evidence usually overlaps substantially) (citing *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994)). Federal Rule of

Civil Procedure 42(b) governs bifurcation requests. Rule 42(b) permits the separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b); *see also Zenith Ins. Co. v. Old Republic Ins. Co.*, No. 5:16-CV-07219-EJD, 2017 WL 2861130, at *1 (N.D. Cal. July 5, 2017); *Conboy v. Wynn Las Vegas LLC*, No. 2:11-CV-1649 JCM (CWH), 2013 WL 1701073, at *14 (D. Nev. 2013). The rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zenith*, 2017 WL 2861130, at *1 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). Rule 42 also implicitly confers on the district court the "power to limit discovery to the segregated issues," *id.* (citing *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970)), which is one of the powers Global asks the court to exercise here. But again, courts are reluctant to bifurcate proceedings where there is "an overlap of factual issues." *Hunter v. City & Cty. of San Francisco*, No. 11-4911, 2012 WL 4831634, at *10 (N.D. Cal. 2012).

B.     Protective Order

Under Federal Rule of Civil Procedure 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms . . . for . . . discovery," "prescribing a discovery method . . . ," or "limiting the scope of . . . discovery to certain matters." *Id.* (c)(1)(B)-(d). The party seeking a protective order under Federal Rule of Civil Procedure 26(c) must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy Rule 26(c). *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005) (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.2002)). Conclusory or speculative statements about the need for a protective order and the harm that will be suffered

/////

without one are insufficient. *Lexington Ins. Co. v. Sentry Select Ins. Co.*, No. 1:08CV1539 LJO GSA, 2009 WL 4885173, at *3 (E.D. Cal. 2009).

III. <u>ANALYSIS</u>

Global contends Aerojet's breach of contract claim may be decided as a matter of law and a decision in Global's favor would vitiate Aerojet's claims for breach of the implied covenant of good faith and fair dealing and unfair competition. Mot. at 1-2, 9-10. Global therefore requests bifurcated "discovery and trial on the breach of contract and bad faith claims, so that the preliminary issue of contract interpretation can first be resolved." *Id.* at 13. Global also requests a protective order based on that same reasoning, requesting a stay of discovery relating to the breach of the implied covenant of good faith and fair dealing and unfair competition claims pending the resolution of Aerojet's breach of contract claim. Mot. Prot. Order at 2-3. Aerojet argues overlapping factual determinations implicated by all three claims mean the breach of contract claim cannot be decided as a matter of law, that simultaneous discovery on all claims will be more efficient due to the factual and evidentiary overlap, and that bifurcated discovery is not justified even if a bifurcated trial were appropriate. Opp'n at 7-16. For the reasons set forth below, the court denies Global's motions.

    A. <u>Bifurcation of Breach of Contract from Breach of the Implied Covenant of Good Faith and Fair Dealing</u>

Factors relevant to the bifurcation issue here include, but are not limited to: "complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case." *Zenith*, 2017 WL 2861130 at *1 (citing *MySpace, Inc. v. Graphon Corp.*, 732 F. Supp. 2d 915, 917 (N.D. Cal. 2010)). A court should order bifurcation only when doing so will result in judicial economy and will not unduly prejudice any party. *Id.*

Global advances two arguments in favor of bifurcation. First, Global contends breach of contract may be resolved in their favor as a matter of law, which could be dispositive of Aerojet's other claims. Mot. at 9-11. Second, Global argues there is minimal overlap between the information and witnesses involved in the discovery and trial of the breach of contract claim

4

when compared to Aerojet's other claims. *Id.* at 13. Aerojet on the other hand asserts factual overlap between all three claims, the need to try all the factual issues before a jury, overlap in evidence, efficiency of simultaneous discovery and prejudice to Aerojet in the delay of some discovery. Opp'n at 7-15. Global's arguments for bifurcation are unavailing.

First, there is no clear indication that a finding of no breach of contract would foreclose Aerojet's claims for breach of implied covenant of good faith and fair dealing or violations of the unfair competition law. Under California law, a breach of the implied covenant of good faith and fair dealing may exist despite "the absence of a breach of contract." *Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th, 1329, 1339 (2001) (observing "[i]t is well established . . . that breach of a specific provision of the contract is not a necessary prerequisite to a claim for breach of the implied covenant of good faith and fair dealing" and that "even an insurer that pays the full limits of its policy may be liable for breach of the implied covenant, if improper claims handling causes detriment to the insured"). It is therefore possible for the court to find no breach of contract as a matter of law while concluding an alleged breach of the implied covenant, reliant on the same contract and contract-related evidence, must go forward.

Second, Global relies heavily on courts outside of California, without discussing California contract law, to support its arguments for bifurcation. Mot. at 11-13. In one case that does discuss California contract law, a court bifurcated trial and stayed discovery where one party sought rescission of a policy and the court observed "[i]f there is found to have been no policy, any litigation or discovery on [the] counterclaim will clearly have been premature." *Reliance Ins. Co. v. Wilson*, No. C 90-20006 JPV, 1990 WL 751025, at *1-2 (N.D. Cal. Oct. 3, 1990). The *Reliance* case is distinguishable because although the parties here dispute coverage, no party disputes the existence of the policy or seeks rescission of the policy. The other California case Global cites counsels against bifurcation, as Global implicitly acknowledges. *See* Mot. at 12-13. In that case, the court had already considered "extrinsic evidence" and concluded the relevant writing was "not reasonably susceptible of a construction urged," leaving no issue for the jury. *Equitable Life Assurance Soc'y v. Berry*, 212 Cal. App. 3d 832, 836 (1989). Global is correct that "resolution of a coverage claim involving unambiguous insurance policy language does not

require any discovery of insurers." Reply at 7 (citing *California Cas. Indem. Exch. v. Frerichs*, 74 Cal. App. 4th 1446, 1450 (1999), and *Union Oil Co. v. Int'l Ins. Co.*, 37 Cal. App. 4th 930, 936 (1995)). But this statement ignores other fundamental tenets of California contract law, as explained below.

Even for an "integrated contract, extrinsic evidence can be admitted to explain the meaning of the contractual language at issue." *Hot Rods, LLC v. Northrop Grumman Sys. Corp.*, 242 Cal. App. 4th 1166, 1175-76 (2015). The contractual language at issue must be "'reasonably susceptible' to the proposed meaning." *Id.* (citation omitted). California courts have also recognized "[t]he conduct of the parties after execution of the contract and before any controversy has arisen as to its effect affords the most reliable evidence of the parties' intentions." *Kennecott Corp. v. Union Oil Co.*, 196 Cal. App. 3d 1179, 1189 (1987).

Under California law, "the court provisionally receives (without actually admitting) all credible evidence concerning the parties' intentions to determine 'ambiguity,' i.e., whether the language is 'reasonably susceptible' to the interpretation urged by a party." *WYDA Assocs. v. Merner*, 42 Cal. App. 4th 1702, 1710 (1996) (citations omitted). Global submitted no evidence with its motion initially, and the court declines to consider the declarations it has now submitted only in reply. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court need not consider arguments raised for first time in reply brief). In any event, Global does not assert which contract provisions are unambiguous, or how extrinsic evidence the court has not yet provisionally received would not be reasonably susceptible to multiple interpretations, sufficient to require a jury to resolve a factual dispute. The court therefore is not in a position to determine whether Global's position is anything more than pure speculation.

Global's own filings reveal material factual disputes that preclude the court's interpreting the contract as a matter of law at this time. For instance, according to Global, the court needs to determine "whether any portion of the settlement payment [Aerojet] made to Orbital was for payment of 'property damage' that was covered under one of the policies and not excluded from coverage." Mot. at 2. Global also contends, "Aerojet neglected to advise the [c]ourt that it has never been able to produce any documentation to support a claim that any part

of the settlement it paid to Orbital compensated Orbital for the loss of the expendable launch vehicle or the cargo destroyed in the [October] [i]ncident because Orbital was contractually precluded from holding Aerojet responsible for such damages." Reply at 2. These contentions reveal key factual disputes that relate both to a breach of contract and a breach of the implied covenant of good faith and fair dealing.

Global contends some of Aerojet's asserted factual disputes are matters of law, not fact. Reply at 5. Global also proposes a cascading progression of if–then statements through which the court could determine a dispositive question as a matter of law. *Id.* at 5-6. Again, Global's own acknowledgements of material factual disputes and failure to particularly state what contract provisions the court must interpret as a matter of law support the court's conclusion that bifurcation is not advisable at this time.

Third, the court finds unavailing Global's argument that "[t]here is minimal overlap between the information and witnesses involved in the discovery and trial of [Aerojet's] [breach of the implied covenant of good faith and fair dealing] claim and related [section] 17200 claim and the breach of contract claim." *See* Mot. at 13. Specifically, Global has asserted "there will be little overlap between witnesses employed by defendants with knowledge relating to the breach of contract claim and the claims based on alleged [breach of the implied covenant of good faith and fair dealing] because underwriting and claims functions are separate and are handled by different employees of insurers." *Id.* at 7. According to Global, "the separate functions of underwriting and claims handling are performed by different personnel working in separate departments." Reply at 3 (citing Murphy Aff. ¶¶ 15-16, ECF No. 47-2). But the differences to which Global points do not take account of the overlapping factual disputes as to the two underlying incidents, the relevance of the insurance policy contracts to all three claims or the facts related to Global's investigation concluding there was no covered property damage. *See* Opp'n at 8-9; Mot. at 5. As Aerojet notes, the reasonableness of Aerojet's settlement and how much of that settlement should be allocated to the two underlying incidents are factual questions. Opp'n at 10-11. Although Global responds that the court will reach those questions only if the court determines the claimed damages fall within the scope of coverage, Reply at 5, Global has

7

not carried its burden as a movant to show that the coverage determination is necessarily a matter of law under California contract law, much less that the court could make that determination without first provisionally considering extrinsic evidence. *See WYDA Assocs.* 42 Cal. App. 4th at 1710.

Here, Global's proposed bifurcation would reduce judicial economy and convenience to all involved, including the parties, deponents and the court, if Aerojet's breach of contract claim is capable of surviving a summary judgment motion not yet filed by defendants. *Cf.* Mot. at 2 (asserting "it is likely that the coverage issues can be decided on a motion for summary judgment"). If the court bifurcated now, the overlapping facts in this case would require later revisiting discovery related to the same facts for the two other claims, including some of the same documents and same people involved. And delay in discovery risks prejudice, as Aerojet argues, "as memories will fade, witnesses will change jobs, move, or possibly pass away." Opp'n at 14.

Additionally, the court sees no prospect of increased judicial economy or convenience from bifurcating trial, although it can revisit that question later. Indeed, if Aerojet presented its other two claims at a separate trial, Aerojet would have to present evidence twice because the jury could not decide whether Global breached the implied covenant of good faith and fair dealing without first understanding the nature of the contract between Aerojet and Global. *See, e.g.*, *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349-50 (2000) ("The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made. The covenant thus cannot be endowed with an existence independent of its contractual underpinnings.") (emphasis removed, citations and quotation marks omitted).

Bifurcation is atypical of trial proceedings precisely because claims often share a nexus of facts. *Hangarter*, 373 F.3d at 1021. Here, bifurcating claims would serve only to generate duplicative proceedings and spiraling costs. Because bifurcation will not yield convenience or judicial economy, and potentially prejudices Aerojet, the court DENIES the

motion to bifurcate without prejudice to Global's renewing a motion to bifurcate trial in connection with trial setting.

B. <u>Protective Order Staying Discovery Requests Regarding the Bad Faith Claims</u>

Where bifurcation will preserve substantial judicial and party resources by permitting the segregated disposition of threshold issues, the court may stay any and all discovery that pertains exclusively to the bifurcated claims. *See Sincerny v. City of Walnut Creek*, No. 17-CV-02616-HSG, 2018 WL 1569832, at *1 (N.D. Cal. 2018) (citing *Estate of Lopez v. Suhr*, No. 15-cv-01846-HSG, 2016 WL 1639547, at *6-7 (N.D. Cal. 2016)). In the Rule 26(c) context, "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, Global seeks a blanket stay on all discovery relating to Aerojet's breach of the implied covenant and unfair competition claims pending resolution of Aerojet's breach of contract claim. Mot. Prot. Order at 2. Despite referring to "highly sensitive and proprietary" materials relating to claims handling as opposed to underwriting, Reply at 8, Global does not articulate any specific prejudice or harm it will suffer by acquiescing in Aerojet's discovery requests. *See* Mot. Prot. Order. Nor does Global show good cause for not having raised in the JSR the issue of phasing of discovery or the issues it now presents. *See id.* Rather, both parties contemplated discovery on all claims and defenses simultaneously, and neither party anticipated any need to phase discovery. JSR at 5. Global's motion is based entirely on its contentions presented in the motion to bifurcate, Mot. Prot. Order at 2-3, which the court is denying. The

court therefore DENIES the motion for a protective order staying discovery pending resolution of Aerojet's breach of contract claim. The parties will continue with discovery as scheduled.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the court DENIES the motion to bifurcate without prejudice to Global's renewing a motion to bifurcate trial in connection with trial setting proceedings. The court DENIES Global's motion for a protective order.

IT IS SO ORDERED.

DATED: August 23, 2018.

_____
UNITED STATES DISTRICT JUDGE