UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC., <br> Plaintiff, <br> v. <br> GLOBAL AEROSPACE, INC., et al., <br> Defendants. | No. 2:17-cv-01515 KJM AC <br><br> ORDER |

This case is before the undersigned on defendants' motion to compel, ECF No. 61, pursuant to E.D. Cal. R. 302(c)(1). The matter came on for hearing on August 29, 2018. For the reasons stated below, the court denies defendants' motion.

**I.  Relevant Background**

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and multiple of its insurers (collectively, "Global") arising out of a settlement agreement between Aerojet and Orbital Sciences Corporation ("Orbital"), a third-party company. ECF No. 95 at 8. According to the First Amended Complaint ("FAC"), the dispute between Aerojet and Orbital stemmed from two incidents, occurring on May 22, 2014 and October 28, 2014, in which engines supplied by Aerojet to Orbital failed, causing property damage. ECF No. 63-1 at 12 (Corrected FAC). Aerojet alleges that on August 20, 2015, Orbital presented it with a 41-page draft complaint alleging breach of contract, negligence,

1

misrepresentation, and other allegations. Id. at 13. The draft complaint claimed that Orbital was owed "hundreds of millions of dollars" in damages, including damages to Orbital property, a NASA facility, repair and replacement damages, and other property damage including, but not limited to, delay costs. Id.

Aerojet alleges that on August 21, 2015, it provided a copy of the Draft Complaint to Global and requested Global provide coverage for the Orbital Claims. Id. Aerojet alleges it sought Global's consent to permit it to settle with Orbital on an expedited basis, and on September 1, 2015, Global provided that consent while reserving its right to deny coverage ("Non-Waiver Agreement"). Id. On September 21, 2015 Aerojet and Orbital settled for $50 million dollars. Id., ECF No. 95 at 8.

Aerojet sought indemnity from Global and alleges that Global wrongfully, and in bad faith, denied any defense or indemnity obligations for amounts Aerojet paid to Orbital under the settlement for the Orbital Claims, and has refused to pay any amount toward the defense and settlement. ECF No. 63-1 at 14. Aerojet brought this liability insurance coverage case for indemnity against Global alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Business and Professions Code §17200 et seq. ECF No. 63-1. Defendants answered and brought counterclaims for breach of the covenant of good faith and fair dealing, breach of contract, estoppel, and waiver. ECF No. 93.

## II. Motion

Defendants ask the court to compel plaintiff to produce several documents withheld as attorney-client privileged and work-product protected. Specifically, Global seeks documents listed on Aerojet's Privilege Log as entries 15, 16, 19, 22, 64-69, 71-76, 86, 98, 102, 104, 114, 122-131, 186, 187, 198 and 199, on the Supplemental Privilege Log as entries 133, 202-205, 207-210, 214-218, 220-234, 256-261, 267, 268, 271 and 272 and on the Second Supplemental Privilege Log as entries 279, 281-291, 294-298 and 300-308. Global contends that (1) Aerojet waived the right to assert privilege over the attorney-client privileged documents relevant to its assessment of risk of litigation with Orbital by putting the risk assessment "at issue" in the

coverage case, and (2) the Global defendants have a "substantial need" for work product relevant to Aerojet's positions regarding coverage and allocation of damages. ECF No. 95.

### III. Standards

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under Fed. R. Civ. P. 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents...as requested under Rule 34." Rule 37(a)(3)(B)(iv). The party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

### IV. Analysis

A. Plaintiff Has Not Waived Attorney-Client Privilege

The law of the forum state governs claims of attorney-client privilege in diversity cases. Fed. R. Evid. 501. Accordingly, California law controls here. See Home Indem. Co. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir. 1995). California's law of attorney-client privilege is statutory. California Evidence Code § 954 confers a privilege on the client "to refuse to disclose ... a confidential communication between client and lawyer." The party who seeks to invoke the privilege "must establish the preliminary facts necessary to support its exercise—i.e., a communication made in the course of an attorney-client relationship." Costco Wholesale Corp. v. Superior Court, 47 Cal. 4th 725, 733 (2009). "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." Id.

Here, with a few exceptions discussed separately, Global does not dispute the predicate fact of privilege; instead, Global argues that Aerojet waived the right to assert privilege over the attorney-client communications relevant to its assessment of risk of litigation with Orbital by putting that risk assessment "at issue" in the coverage case. California law provides that in some cases, "fundamental fairness' may require disclosure of otherwise privileged information or communications where plaintiff has placed in issue a communication which goes to the heart of the claim in controversy." Mitchell v. Superior Court, 37 Cal. 3d 591, 604 (1984).

In the context of insurance coverage cases, an insured does not create an "in issue" waiver simply by working with an attorney with respect to an underlying claim and then later tendering that claim for coverage. "The *in issue* doctrine creates an implied waiver of the privilege only when the client tenders an issue involving the substance or content of a protected communication, not where the privileged communication simply represents one of several forms of indirect evidence in a particular case. For this reason, the doctrine has no application in a coverage action between an insured and its carrier where the issues turn on the underlying facts and the insured is not relying on the advice of counsel for any purpose." Rockwell International Corp. v. Superior Court, 26 Cal. App. 4th 1255, 1268 (1994) (emphasis original, internal citations omitted).

Here, Global has not met its burden to show an "in issue" waiver. Global contends that in order for Aerojet to prove its case (including reasonableness, coverage, and allocation with respect to the underlying settlement) Aerojet must produce its communications with counsel and counsel's litigation and coverage evaluations, but this proposition is belied by Aerojet's repeatedly statements that it will not rely on counsel's impressions but on the non-privileged documents demonstrating facts related to the risks encompassed by the settlement, the settlement agreement itself, depositions and expert testimony. ECF No. 95 at 45. The complaint itself does not allege or necessarily imply that counsel's evaluation of potential liability vis-à-vis Orbital forms any part of the basis for plaintiff's claims here. Because Aerojet is not relying on the advice of counsel for any purpose in this coverage action, there is no "in issue" waiver. Id.; Rockwell, 26 Cal. App. at 1268. Global argues that Aerojet's repeated increases in the amount it claims for coverage, and the speed of the settlement agreement, put Aerojet's attorneys' mental

4

impressions at issue; these are red herrings. ECF No. 95 at 10. Indeed, the fact that Aerojet continues to evaluate the settlement to determine what portions represent covered and uncovered claims indicates that the mental impressions of Aerojet's counsel regarding allocation at the time of settlement have little relevance to the ultimate determinations of reasonableness, coverage, and allocation. The fact of a speedy settlement is irrelevant to whether the settlement was reasonable, the extent of coverage, and the allocation between covered and uncovered claims. Likewise, Global's argument that the dispute between Aerojet and Orbital had been ongoing for a longer period than it was aware of when it entered into the Non-Waiver Agreement is unavailing; this circumstance does not put the mental impressions of Aerojet's attorneys at the time of settlement at issue. ECF No. 95 at 14.

The cases Global relies on are distinguishable from the case at bar. In Walters Wholesale Elec. Co. v. Nat'l Union Fire Ins. Co., the court applied federal privilege law and found that the insured put the advice of counsel directly at issue by arguing that the insurer's refusal to accept a reasonable settlement offer within policy limits forced it to participate in two settlements by contributing to its own funds. 247 F.R.D. 593 (C.D. Cal. 2008). The magistrate judge concluded that because the insured contended it was "forced" to settle, and did not contend that it made the decision without advice of counsel, counsel's advice was in issue. Id. In Walters, the advice of counsel appears to have been more inextricably linked to the insured's theory for relief than is the case here. Moreover, Walters is not binding on this court and the undersigned does not find its reasoning persuasive in light of California authority.

Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co., another non-binding case applying federal privilege law, is also inapplicable here. Docket No. C-88-3440-DLJ, 1992 WL 486801 (N.D. Cal. Dec. 8, 1992), motion for reconsideration denied and motion for clarification granted, 1993 WL 739643 (Feb. 4, 1993). Safeway applies federal privilege waiver law and its result directly conflicts with Rockwell, 26 Cal. App. at 1268, which was decided two years later. In Safeway, the court adopted the insurer's argument that the insureds "claim for reimbursement waives all applicable privileges as to communications and documents that are relevant to allocation." Safeway Stores, Inc, 1992 WL 486801, at *3. The court is not bound by this logic,

nor does it accept it. California law controls in this diversity action, Home Indem. Co., 43 F.3d at 1326, and the court follows the well-reasoned opinion in Rockwell. 26 Cal. App. at 1268.

To the extent Global believes there are evidentiary "gaps" in the non-privileged information that Aerojet has produced, it is free to address those gaps in depositions. Global's argument that it cannot determine allocation without access to privileged documents has some superficial appeal, but ultimately cannot prevail. First, as discussed above, the fact that Aerojet is still evaluating its position on allocation (i.e., increasing their demand), demonstrates that Aerojet's counsel's contemporaneous ideas about allocation at the time of settlement are not necessarily probative of the ultimate issues of coverage or allocation. Second, where parties fail to allocate liability at the time of settlement, it is up to the trier of fact to determine the allocation based on the objective evidence available – not on either party's or counsel's mental impressions regarding appropriate allocation. See, e.g., Res-Care Inc. v. Roto-Rooter Servs. Co., No. C-09-03856 EDL, 2011 WL 3353893, at *15 (N.D. Cal. Aug. 3, 2011) (in discussing the allocation of liability between multiple tortfeasors, finding that "[t]he failure to allocate is not fatal to a determination of indemnity, but instead when there is no allocation, the trier of fact must determine the allocation before determining indemnity.")

Privileged documents are simply not at the heart of this case, or necessary to its resolution. Aerojet will not rely on privileged documents, and has not asserted reliance on advice of counsel in any of its claims. Accordingly, the court finds that the "in issue" waiver of attorney-client privilege does not apply.[1] On the circumstances of this case, application of the "in issue" waiver doctrine would create an exception to privilege so broad that it would overtake the rule. C.F., Schlumberger Limited v. Superior Court, 115 Cal. App. 3d 386 (1981) ("If tendering the issue of damages in a malpractice action waived the privileged, there would be no privilege.").

---

[1] In its briefing, Aerojet defends with specificity the privileged nature of several individual documents, including Documents 19, 286-289, 295, and 307. Global does not make any clear, individualized objection to the privileged nature of these documents; while there are references to independent documents in its "at issue" waiver argument, no document-specific privilege challenge has been presented. ECF No. 95 at 3. The court will not consider privilege challenges not properly brought.

6

For the reasons explained above, defendants' motion to compel production of attorney-client privileged documents is denied.

B. <u>Defendant is Not Entitled to Work Product Documents</u>

The work product rule "is not a privilege but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." Admiral Ins. Co. v. U.S. District Court, 881 F.2d 1486, 1494 (9th Cir. 1989). Because it is not a privilege, it is not governed by state law in federal diversity cases. See Fed. R. Evid. 501. "Unlike issues of attorney-client privilege, issues concerning the work-product doctrine are procedural and thus governed by Federal Rule of Civil Procedure 26(b)(3)." Great Am. Assur. Co. v. Liberty Surplus Ins. Corp., 669 F.Supp.2d 1084, 1090 (N.D. Cal. 2009).

To qualify for protection under the rule, documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative. In re California Pub. Utils. Comm'n, 892 F.2d 778, 780–81 (9th Cir. 1989). Protection is not absolute. "The Rule permits disclosure of documents and tangible things constituting attorney work product upon a showing of substantial need and inability to obtain the equivalent without undue hardship." Upjohn Co. v. United States, 449 U.S. 383, 400 (1981). In contrast, "opinion work product," which includes the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation" is subject to a different standard. Fed. R. Civ. P. 26(b)(3)(B). The Ninth Circuit has held that opinion work product is discoverable only "when *mental impressions are at issue* in the case and the need for the material is *compelling*." Holmgren v. State Farm Mut. Auto. Ins. Co., 976 F.2d 573, 577 (9th Cir.1992) (emphasis added) ("[a] party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product."). Like other qualified privileges, protection for attorney work product may be waived by disclosure or by other conduct. United States v. Nobles, 422 U.S. 225, 239–40 (1975).

Global's claim of need for Aerojet's work-product protected documents is unpersuasive under either the "compelling" or the "substantial need" standard. Global makes only passing

argument as to work-product protected documents, echoing their argument on privilege: that "Aerojet has placed at issue in this case its assessment of the risk posed by litigation with Orbital and its allocation of damages between those that Aerojet believed to have been covered and those which Aerojet knew were not covered . . .. Accordingly, the documents over which Aerojet is asserting work product protection, whether alone or in combination with its claim of attorney-client privilege, are absolutely essential to the ability of the Global Defendants to defend against Aerojet's coverage claim." ECF No. 95 at 44. As discussed above, the court disagrees that Aerojet has placed attorney-work product or attorney-client privileged documents in controversy by seeking coverage from its insurer. Rockwell, 26 Cal. App. at 1268. The mental impressions of Aerojet counsel at the time of settlement are not material this lawsuit. Global has access to ample information regarding its claims and defenses, including non-protected documents, and deposition and expert testimony. Global's cursory argument regarding attorney-work product documents fails, and its motion to compel is denied.

## V. Conclusion

Foer all then reasons explained above, defendants' motion to compel (ECF No. 61) is DENIED.

DATED: August 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8