UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETYDYNE, INC., | No. 2:17-cv-01515-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL AEROSPACE, INC., et al., | |
| Defendants. | |

This matter is before the court on defendants' motion to take depositions beyond the presumptive limit. ECF No. 108. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). Plaintiff and defendants attended a hearing on October 31, 2018 at 10:00 a.m. ECF No. 122. For the reasons stated below, the court grants defendants' motion in part and denies it in part.

**I.    Relevant Background**

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and multiple of its insurers (collectively, "Global") arising out of a settlement agreement between Aerojet and Orbital Sciences Corporation ("Orbital"), a third-party company. According to the First Amended Complaint ("FAC"), the dispute between Aerojet and Orbital stemmed from two incidents, occurring on May 22, 2014 (E-17 Incident) and October 28, 2014 (Orb-3 Incident), in which engines supplied by Aerojet to

1

Orbital failed, causing property damage. ECF No. 63-1 at 12 (Corrected FAC). Aerojet alleges that on August 20, 2015, Orbital presented it with a 41-page draft complaint alleging breach of contract, negligence, misrepresentation, and other allegations. Id. at 13. The draft complaint claimed Orbital was owed "hundreds of millions of dollars" in damages, including damages to Orbital property, a NASA facility, repair and replacement damages, and other property damage including, but not limited to, delay costs. Id.

Aerojet alleges that on August 21, 2015, it provided a copy of the Draft Complaint to Global and requested Global provide coverage for the Orbital Claims. Id. Aerojet alleges it sought Global's consent to permit it to settle with Orbital on an expedited basis, and on September 1, 2015, Global provided that consent while reserving its right to deny coverage ("Non-Waiver Agreement"). Id. On September 21, 2015 Aerojet and Orbital settled for $50 million dollars. Id.

Aerojet sought indemnity from Global and alleges that Global wrongfully, and in bad faith, denied any defense or indemnity obligations for amounts Aerojet paid to Orbital under the settlement for the Orbital Claims, and has refused to pay any amount toward the defense and settlement. ECF No. 63-1 at 14. Aerojet brought this liability insurance coverage case for indemnity against Global alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Business and Professions Code §17200 et seq. ECF No. 63-1. Defendants answered and brought counterclaims for breach of the covenant of good faith and fair dealing, breach of contract, estoppel, and waiver. ECF No. 93.

## II. Motion

Defendants ask the court to allow them to take a total of 20 depositions, 10 more than the presumptive limit set by Fed. R. Civ. P. 30. ECF No. 119. Plaintiffs oppose the taking of any additional depositions. Id. The parties, having met and conferred, have been unable to reach a stipulation on the issue.

## III. Analysis

Federal Rule of Civil Procedure 30 presumptively limits a party to ten depositions; a party may only exceed this number with leave of court or by stipulation of the parties. Fed. R. Civ. P.

30(a)(2)(A)(i). "Generally, courts will not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)." Couch v. Wan, No. 1:08cv1621 LJO DLB, 2011 WL 4499976, at *1 (E.D. Cal. Sept. 27, 2011). Courts have departed from this "exhaustion rule" where the complexity of the case clearly warranted more than ten depositions. Id. (citing Del Campo v. Am. Corrective Counseling Servs., No. C-01-21151 JW (PVT), 2007 WL 3306496 (N.D. Cal. Nov. 6, 2007)). A party seeking leave of court to exceed 10 depositions must make a "particularized showing" why the discovery is necessary under Rule 26. Id. (citing C&C Jewelry Mfg., Inc. v. West, 2011 WL 767839, at *1 (N.D. Cal. 2011)).

### A. Defendants' Motion is Not Premature

Defendants' motion is ripe for consideration. In a recent order in another case, District Judge Kimberly J. Muller explained that different courts take different approaches to the rule that available depositions be exhausted before a party seeks additional depositions: some do not apply or adopt the exhaustion rule at all, while others deviate from it only where there is good cause, warranted by the complexity of the case. City of Lincoln v. United States, No. 2:16-CV-01164-KJM-AC, 2018 WL 3917711, at *7 (E.D. Cal. Aug. 16, 2018).

Here, as in City of Lincoln, it is appropriate to deviate from the exhaustion rule. First, as Judge Mueller noted, "the Federal Rules of Civil Procedure do not require parties to exhaust the allotted depositions before seeking leave for more. City of Lincoln, 2018 WL 3917711, at *7; Fed. R. Civ. P. 30(a)(2)(A)(i). Second, Aerojet's contention that at least *some*, if not all, depositions must be taken before additional depositions can be requested does not follow from the well-reasoned logic in City of Lincoln. Though in that case some depositions had already been taken, there is no reason to conclude that if the need for additional depositions is clear from the outset the court must engage in arbitrary delay before entertaining a motion for depositions in excess of the presumptive 10. In this case, the need for certain additional depositions is clear and there is no indication that delay will alter the outcome of Global's motion. Thus, the court will consider it now.

////

B.     Defendants' Motion is Granted as to Some Proposed Deponents

Global's primary contention to support the need for additional depositions is that underlying contract disputes and prior agreements between Aerojet and Orbital pre-dating the 2015 settlement impact "whether and to what extent Orbital could have held Aerojet legally liable for property damage and for damages because of property damage[.]" ECF No. 119 at 10. Global argues that the issue of Aerojet's actual liability must be resolved in order to adjudicate Aerojet's indemnity claim with respect to the 2015 settlement. Id. For this proposition, Global cites several cases that do not address circumstances in which a settlement agreement was at issue, including Universal Church, Inc. v. Standard Constr. Co. of San Francisco, Inc., No. 14-CV-04568-RS, 2015 WL 13403891 (N.D. Cal. Jan. 21, 2015) and Waters v. United Servs. Auto. Assn., 41 Cal. App. 4th 1063, 1078 (1996). Aerojet correctly points out that these cases are distinguishable, because in a case seeking coverage for a settlement agreement, the insured court must determine whether a settlement was reasonable by an objective standard. ECF No. 119 at 19, Travelers Indem. of Connecticut v. Arch Specialty Ins. Co., No. 2:11-CV-1601-JAM-CKD, 2012 WL 3249511, at *2 (E.D. Cal. Aug. 7, 2012).

Despite its reliance on non-analogous cases, the court agrees with Global that the issues of actual coverage and allocation between covered and uncovered risks encompassed in the 2015 settlement are alive for the purposes of discovery because when "a settlement of the underlying claim has been made, the question of whether the liability of the insured was one which the contract of insurance covered is still open and may be litigated and determined in the action brought by the insured to recover the amount so paid in judgment." Everett Assocs., Inc. v. Transcon. Ins. Co., 159 F. Supp. 2d 1196, 1209 (N.D. Cal. 2001), aff'd, 35 F. App'x 450 (9th Cir. 2002). Because it is clear the prior contract disputes and agreements between Orbital and Aerojet could have some potential bearing on what portions or percentage of the 2015 settlement agreement represent covered claims, Global is entitled to discovery into these issues. Because there have been several relevant personnel changes at Aerojet, Global has demonstrated a need for certain additional depositions.

////

Some of the additional deponents suggested by Global, however, are duplicative or not likely to lead to admissible evidence. Suggested deponents are addressed individually or by category below.

1. In-House Counsel Deponents

Global's proposed depositions of Christopher Cambria, Jeffrey Robb, and Brian Sweeny, all former members of Aerojet's in-house counsel team, are not warranted because they are not likely to lead to admissible evidence, and because any admissible evidence that could be obtained would likely be duplicative of the evidence provided by non-attorney deponents. "Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence prohibit the taking of attorney depositions. However, courts have recognized the deposition of an opposing party's counsel can have a negative impact on the litigation process and these depositions are therefore discouraged." Stevens v. Corelogic, Inc., No. 14CV1158 BAS (JLB), 2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015). Generally, courts allow for the deposition of an opposing party's attorney where the party seeking to take the deposition can show "(1) No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case." Id., citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

Global has not made the necessary showings here. Indeed, Aerojet has already produced non-privileged documents from each of these proposed deponents. ECF No. 119 at 28. Global seeks to depose each of these attorneys regarding their activities as legal counsel for Aerojet; there is no indication in Global's request that any of these attorneys would provide non-privileged information beyond that which has already been provided in document production. To the extent Global argues that the attorneys have produced non-privileged documents and can make non-privileged comments with respect to those documents, the court is not persuaded that the same information could not be obtained from other non-attorney sources. The court will not allow Global to exceed their deposition limit by taking depositions that are not likely to be productive due to the privileged nature of the deponents' relationships with Aerojet. Global's requests to depose Christopher Cambria, Jeffrey Robb, and Brian Sweeny are denied. Denial, however, is

without prejudice; if having taken other relevant depositions it becomes clear to Global that the attorney deponents possess non-privileged, non-duplicative information, Global may bring a second motion to take the depositions.

2. <u>Kathleen Redd, former VP, CFO and Asst. Secretary, ARH (Aerojet Rocketdyne Holdings)</u>

Global's request to depose Kathleen Redd is granted. Global has articulated a specific need to depose Redd based on her intimate knowledge of Board of Directors meeting in which prior Orbital-Aerojet contract disputes were discussed, the 2014 settlement negotiations, and the 2015 settlement. Further, Redd's signature on the Non-Waiver agreement with Global on behalf of Aerojet demonstrates she is knowledgeable about the scope and intent of that agreement.

3. <u>Warren M. Boley, Jr., former President of Aerojet</u>

Global's request to depose Warren M. Boley is granted. Global explains that Boley was president of Aerojet during almost the entire time of the Orbital-Aerojet contract dispute. ECF No. 119 at 24. It is clear from the briefing that Boley has extensive knowledge of Orbital and Aerojet's interactions up through the Orb-3 Incident, which ultimately led to the 2015 settlement at issue in this action.

4. <u>Richard A. Tanovich, former Manager of Contracts, Space & Strategic Programs, Aerojet</u>

Global's request to depose Richard A. Tanovich is granted. As the manager of contracts overseeing the relationship between Orbital and Aerojet, Tanovich had extensive involvement in the 2014 settlement negotiations and has direct knowledge of the historical disputes and settlement discussions between the companies.

5. <u>James Perry, Chair, Authorization Committee, Board of Directors, ARH</u>

Global's request to depose James Perry is granted. As Chair of the Authorization Committee of the Board of Directors, Perry was involved in discussions and preparation that led to the Board's authorization of the 2015 settlement agreement, which was signed by Aerojet's newly hired CEO Eileen Drake.

////

### 6. Warren Lichtenstein, Chairman, Board of Directors, ARH

The proposed deposition of Warren Lichtenstein is denied because it appears to be duplicative of the proposed deposition of James Perry. Global does not present any indication that Lichtenstein would have any information to offer that Perry would not. Therefore, it is duplicative and unduly burdensome to allow the deposition of Warren Lichtenstein, and the request is denied without prejudice.

### 7. George Lonergan, Senior Director, Risk Management, Aerojet

The proposed deposition of George Lonergan is granted. As Director of Risk Management for Aerojet from 2016 to date, Lonergan has direct knowledge regarding Aerojet's initial claim for indemnity from Global and can provide information relevant to Aerojet's bad faith claims.

### 8. William Marlow, former Senior Director, Risk Management, Aerojet

The proposed deposition of William Marlow is granted. As Director of Risk Management for Aerojet prior to 2016, Marlow served as a direct liaison in the purchase of the relevant insurance. He, along with Aerojet's insurance brokers, was responsible for presentations to insurers regarding risk exposure, loss history, and potential claims.

### 9. Scott Seymour, former President and CEO, ARH

The proposed deposition of Scott Seymour is granted in light of his role as president and CEO of ARH from 2010 to 2015, which spanned the threatened litigation from Orbital in 2014 and the briefing of current president and CEO Eileen Drake prior to the 2015 settlement.

### 10. Jeremy Hager, SVP and National Claims Manager, Marsh Aviation and Aerospace

The proposed deposition of Jeremy Hager is denied. Global has not subpoenaed documents from Marsh Aviation and Aerospace, Aerojet's insurance broker. Global has not indicated why the information it seeks could not be uncovered through written discovery. Further, it appears that any information obtained from Hager would be duplicative of information that could be obtained from William Marlow. Because this deposition is sought in excess of the depositions presumptively allowed by the Federal Rules, the deposition will not be allowed without a particularized need. Without having explained why Hager's deposition is needed in

addition to written discovery, or why it is not duplicative of the Marlow deposition, Global has not adequately justified this excess deposition and the request is denied without prejudice.

11. <u>Dale Nash, Executive Director of the Virginia Commercial Space Flight Authority (VCSFA)</u>

The proposed deposition of Dale Nash is denied. Global indicates that it has received written discovery via a subpoena from VCSFA. Global further asserts that Nash was quoted regularly in news articles about the Orb-3 crash which preceded the 2015 settlement agreement with Orbital. But Global fails to explain why the written discovery is insufficient, stating only that Nash is knowledgeable about the circumstances that led to an agreement where NASA, VCSFA, and Orbital would each pay 1/3 f the costs of the Orb-3 incident, including related agreements and waivers. It is not clear from Global's explanation why the written discovery is insufficient. Without having explained why Nash's deposition is needed in addition to written discovery, Global has not adequately justified this excess deposition and the request is denied without prejudice.

**IV.  Conclusion**

Defendants' motion for additional depositions (ECF No. 108) is GRANTED in part and DENIED in part. Defendants may take the following supplemental depositions: (1) Kathleen Redd; (2) Warren M. Boley, Jr.; (3) Richard A. Tanovich; (4) James Perry; (5) George Lonergan; (6) Williams Marlow; and (7) Scott Seymour. The remaining requested depositions are denied without prejudice.

DATED: November 6, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE