IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC., | No. 2:17-cv-01515-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL AEROSPACE, INC., et al., | |
| Defendants. | |

Defendants' objections to the magistrate judge's order denying defendants' motion to compel are before the court. *See* Defs.' Objs. to Order ("Objections"), ECF No. 103; *see also* Order, ECF No. 100. For the reasons set forth below, the court OVERRULES defendants' objections and the magistrate judge's ruling is AFFIRMED.

I. BACKGROUND

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and several of its insurers (collectively, "Global"). Order, ECF No. 100 at 1. The suit arises out of a settlement agreement between Aerojet and a third party, Orbital Sciences Corporation, in which engines supplied by Aerojet to Orbital failed, causing property damage. *Id.* Aerojet and Orbital settled the dispute out of court. *Id.* at 2. The instant suit was filed when Aerojet sought indemnity from Global for part of the

1

settlement amount and the defense costs, and Global refused. *Id.* at 2.[1] During discovery, Global sought documents from Aerojet related to Aerojet's contemporaneous assessment of the risk associated with the Orbital litigation at the time of the settlement. Objs. at 6. Aerojet claimed these documents were protected by attorney-client privilege. *Id.* On June 26, 2018, Global filed a motion to compel with the magistrate judge, arguing that Aerojet had put its litigation risk assessment at issue, thereby waiving the attorney-client privilege. Mot. to Compel, ECF No. 61 at 2. The magistrate judge held a hearing on the motion on August 29, 2018, ECF No. 99, and issued an order denying the motion to compel on August 30, 2018, ECF No. 100. Defendants filed objections with the court on September 13, 2018, ECF No. 103, and plaintiff responded on September 18, 2018, ECF No. 104.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires that district judges consider timely objections to nondispositive pretrial orders issued by magistrate judges and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* Local Rule 303(f); 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g.*, *Brooks v. Motsenbocker Advanced Developments, Inc.*, No. 07cv0773 BTM (NLS), 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623.

/////

---

[1] All citations to the parties' briefs refer to ECF page numbers, not the briefs' internal pagination.

## III. DISCUSSION

Defendants' objections hinge on whether or not the magistrate judge correctly determined that *Rockwell Int'l Corp. v. Superior Court*, 32 Cal. Rptr. 2d 153 (Cal. Ct. App. 1994) controls resolution of the question in this matter, because it is a California state case and state law applies to questions of privilege. Objs. at 2. Aerojet argues that two federal cases disregarded by the magistrate judge actually apply California state law, and are therefore persuasive. Objs. at 9 & n.5 (citing *Walters Wholesale Elec. Co. v. Nat'l Union Fire Ins. Co.*, 247 F.R.D. 593 (C.D. Cal. 2008); *Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, No. C-88-3440-DLJ, 1992 WL 486801 (N.D. Cal. Dec. 8, 1992), *motion for reconsideration denied and motion for clarification granted*, 1993 WL 739643 (Feb. 4, 1993)).

The magistrate judge's decision is not "contrary to law." The court in *Walters Wholesale* applies both Ninth Circuit and California law, relying in part on the California case, *Glacier General Assurance Company v. The Superior Court of Los Angeles County, et al.*, 95 Cal. App. 3d 836, 841-42 (1979). The court in *Glacier General* held that an insurer cannot use the attorney-client privilege to shield its communications that relate to the insurer's decision concerning settlement when the insurer settled for an amount outside the insured's policy limits. *Id.* at 841-42. Here, in contrast, it is the insurer who is seeking privileged documents from the insured. Moreover, to the extent *Rockwell* and *Glacier General* reached different conclusions, there is no indication the California Supreme Court has resolved the tension; the magistrate judge did not err by looking to most recent state appellate court decision.

The court in *Safeway* applies only federal law, not state law. *See Safeway Stores, Inc. v. Nat'l Union Fire Ins. Co.*, 1992 WL 486801, at *3. The *Safeway* court relies solely on four federal cases for the proposition that "an insured seeking recovery of the costs of underlying litigation waives the privilege as to information pertaining to the underlying litigation": *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir. 1992); *Charlotte Motor Speedway, Inc. v. International Ins. Co.*, 125 F.R.D. 127, 130 (M.D.N.C. 1989); *Potomac Elec. Power Co. v. California Union Ins. Co.*, 136 F.R.D. 1, 4 (D.D.C. 1990); and *Truck Ins. Exch. v. St. Paul Fire & Marine Ins. Co.,* 66 F.R.D. 129, 132–33 (E.D. Pa. 1975). The court finds no support in the

*Safeway* opinion for defendants' argument that the district judge in that case "noted that the parties were in agreement that California law applies to the attorney-client privilege waiver issue." Mot. at 9 n.5.

The magistrate judge's determination that *Rockwell* controls here is not clearly erroneous or contrary to law. Her conclusion is sound, that Aerojet properly invoked the privilege with respect to the risk assessment documents, and the privilege is not waived because Aerojet put the risk assessment "in issue." *See Rockwell*, 32 Cal. Rptr. 2d at 161 ("[T]he [in issue] doctrine has no application in a coverage action between an insured and its carrier where the issues turn on the underlying facts and the insured is not relying on the advice of counsel for any purpose.").

Defendants' objections to the magistrate judge's ruling on defendants' motion to compel, ECF No. 103, are OVERRULED and that ruling, ECF No. 100, is AFFIRMED.

IT IS SO ORDERED.

DATED: November 28, 2018.

_____
UNITED STATES DISTRICT JUDGE