UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETYDYNE, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL AEROSPACE, INC., et al., <br><br> Defendants. | No. 2:17-cv-01515-KJM-AC <br><br><br> ORDER |

This matter is before the court on defendant insurer Global Aerospace Inc's ("Global's") motion for a protective order regarding several topics in plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notice. ECF No. 134. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). Plaintiff and defendants attended a hearing on the matter on January 16, 2019 at 10:00 a.m. For the reasons stated below, the court GRANTS the motion in part, as to topics 10, 11, and 12 only, and DENIES the remainder of the motion.

## I. Relevant Background

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and multiple of its insurers (collectively, "Insurers") arising out of a settlement agreement between Aerojet and Orbital Sciences Corporation ("Orbital"), a third-party company. According to the First Amended Complaint ("FAC"), the dispute between Aerojet and Orbital stemmed from two incidents, occurring on May

1

22, 2014 (E-17 Incident) and October 28, 2014 (Orb-3 Incident), in which engines supplied by Aerojet to Orbital failed, causing property damage. ECF No. 63-1 at 12 (Corrected FAC). Aerojet alleges that on August 20, 2015, Orbital presented it with a 41-page draft complaint alleging breach of contract, negligence, misrepresentation, and other allegations. Id. at 13. The draft complaint claimed Orbital was owed "hundreds of millions of dollars" in damages, including damages to Orbital property, a NASA facility, repair and replacement damages, and other property damage including, but not limited to, delay costs. Id.

Aerojet alleges that on August 21, 2015, it provided a copy of the Draft Complaint to Global and requested Global provide coverage for the Orbital Claims. Id. Aerojet alleges it sought Insurers' consent to permit it to settle with Orbital on an expedited basis, and on September 1, 2015, Insurers provided that consent while reserving its right to deny coverage ("Non-Waiver Agreement"). Id. On September 21, 2015 Aerojet and Orbital settled for $50 million dollars. Id.

Aerojet sought indemnity from Insurers and alleges that Insurers wrongfully, and in bad faith, denied any defense or indemnity obligations for amounts Aerojet paid to Orbital under the settlement for the Orbital Claims, and have refused to pay any amount toward the defense and settlement. ECF No. 63-1 at 14. Aerojet brought this liability insurance coverage case for indemnity against Insurers alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Business and Professions Code §17200 et seq. ECF No. 63-1. Defendants answered and brought counterclaims for breach of the covenant of good faith and fair dealing, breach of contract, estoppel, and waiver. ECF No. 93.

## II. Motion

Insurer defendant Global Aerospace Inc. ("Global") asks the court for a protective order regarding several topics in plaintiff's Fed. R. Civ. P. 30(b)(6) deposition. ECF No. 134. Plaintiff opposes the motion in the joint statement. Id.

## III. Analysis

A. <u>Legal Standard: Protective Orders</u>

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or

2

use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., (9th Cir. 2003)).

B.  Legal Standard: Rule 30(b)(6) Deposition Notices

Fed. R. Civ. P. 30(b)(6) provides that,

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. The corporation has a duty to educate its witnesses so they are prepared to fully answer the questions posed at the deposition.

Bowoto v. ChevronTexaco Corp., 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006) (citing In re Vitamins Antitrust Litig., 216 F.R.D. 168, 172 (D.D.C. 2003)). A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. Fed. R. Civ. P. 30(b)(6).

While 30(b)(6) topics cannot be vague, "the 'reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition." UniRAM Technology, Inc. v. Monolithic Sys. Tech., Inc., 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) (citing Detoy v. City and County of San Francisco, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000)). On the one hand, "a party who notices a Rule 30(b)(6) deposition should limit the scope of the matters that the witness is required to testify about to fair and reasonable parameters[, and] 'must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.'" Luna v. Universal City Studios LLC, No. CV 12-9286 PSG (SS), 2015 WL 13655668, at *6 (C.D. Cal. Feb. 10, 2015), quoting Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 638 (D. Minn. 2000). On the other hand, "a party responding to discovery has 'an obligation to construe ... discovery requests in a reasonable manner.'" Id., quoting Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 618-19 (D. Colo. 2007); see also King-Hardy v. Bloomfield Board of Education, 2002 WL 32506294, *5 (D. Conn. Dec. 8, 2002) (responding party must give discovery requests a reasonable construction, rather than strain to find ambiguity). "Therefore, a 30(b)(6) topic is not objectionable to the extent that it may be reasonably construed to seek relevant information capable of being addressed in a deposition." Id.

    C.    Global's Challenges by Objection Topic

        a.    Privileged Information (4, 10, 11, 12, 18, 20, 21, 23, 24, 26, 28, 30, 31)

Global objects to several 30(b)(6) topics on grounds they seek privileged information. The topics at issue include as follows:

> 4. The Testifying Individual(s)' Communication with Condon Forsythe [sic.] regarding the underwriting and claims files related to Aerojet's Claim.
>
> 10. The facts addressed facts addressed or related to Global's discovery responses in the Action.
>
> 11. The facts addressed or related to Global's affirmative defenses in the Action.
>
> 12. The facts addressed or related to Global's counterclaims in the Action.

> 18. Global's Communications with each Insurer-Defendant in the Action regarding Aerojet's Claim.
>
> 20. Global's Communications with Condon Forsyth regarding Aerojet's Claim.
>
> 21. Global's Communications with Hinshaw & Culbertson regarding Aerojet's Claim.
>
> 23. The role and involvement of Condon Forsyth in the handling, investigation, and oversight of Aerojet's Claim.
>
> 24. The role and involvement of Hinshaw & Culbertson in the handling, investigation, and oversight of Aerojet's Claim.
>
> 26. Global's understanding of the role and involvement of each Insurer-Defendant in the handling, investigation, and oversight of Aerojet's Claim.
>
> 28. Global's relationship with each Insurer-Defendant.
>
> 30. Global's relationship with Condon Forsyth with regard to Aerojet's Claim.
>
> 31. Global's relationship with Hinshaw & Culbertson with regard to Aerojet's Claim.

ECF No. 134-1. Global alleges that each of these topics impermissibly seeks attorney-client privileged information. ECF No. 134 at 15-18. The court disagrees. As to the topics seeking information or communication between Global and attorneys (Topics 4, 20, 21, 23, 24, 30, and 31), established law dictates that when an attorney provides a non-legal function for a client, such as a routine claims investigation for insurance purposes, that attorney is not generally acting with attorney-client privilege attached. Plaintiff claims that Global utilized attorneys to conduct and direct its investigation into Aerojet's claim for indemnity. ECF No. 134 at 25.

"[A] fine line exists between an attorney who provides legal services or advice to an organization and one who performs essentially nonlegal duties. An attorney who is not performing legal services or providing legal advice in some form does not qualify as a "lawyer" for purposes of the privilege. Thus, when an attorney conducts an investigation not for the purpose of preparing for litigation or providing legal advice, but rather for some other purpose, the privilege is inapplicable." Payton v. New Jersey Tpk. Auth., 148 N.J. 524, 550–51 (1997); Bertalo's Rest. Inc. v. Exch. Ins. Co., 658 N.Y.S.2d 656 (1997) ("Reports by attorneys upon

examining property damage claims which are made before an insurance carrier has decided to deny coverage are not protected from disclosure either as work product or materials prepared in anticipation of litigation."). Thus, these topics are likely to cover largely non-privileged material. To the extent that plaintiff's questions extend into privileged matters, Global can simply object to particular questions at the time of the deposition.

With respect to the remaining questions (10, 11, 12, 18, 26, and 28), which go to Global's general discovery responses and its communications with other insurers, there is no obvious indication that these topics are intended to reach privileged information. "In order to raise a valid claim of privilege, the party seeking to withhold the information must show that it was a 'confidential communication' made between the attorney and the client in the context of legal advice or services." Bertalo's Rest. Inc., 658 N.Y.S.2d at 656. Global's reliance on Crocs, Inc. v. Effervescent, Inc., a case out of the District of Colorado, is not persuasive. No. 06-CV-00605-PAB-KMT, 2017 WL 1325344, at *4 (D. Colo. Jan. 3, 2017), objections overruled, No. 06-CV-00605-PAB-KMT, 2017 WL 1325171 (D. Colo. Feb. 24, 2017), While Crocs, Inc. did find that a 30(b)(6) topic "requiring a witness to be knowledgeable about the functions of in-house or outside legal counsel is impermissible because the topic clearly anticipates and answer which might reveal privileged information," the topic at issue in that case was much more clearly connected to counsel's legal advice role[1] than the topics at issue here, which can (and must) be

---

[1] The Crocs, Inc. case was patent infringement litigation, not an insurance coverage case. Crocs, Inc. v. Effervescent, Inc., No. 06-CV-00605-PAB-KMT, 2017 WL 1325171, at *1 (D. Colo. Feb. 24, 2017). The 30(b)(6) topic at issue was

> e. the identities, functions, responsibilities, reporting hierarchy, employment history and terms, current relationship with Crocs and last known address of Crocs's employees, officers, directors, agents, representatives or independent contractors (including in-house and outside legal counsel) who participate(d) in or are/were responsible in any way for (i) the decision(s) to commence and continue the instant Action against Dawgs; (ii) the creation, finalization, authorization approval and ratification of the budget(s) for the enforcement of the Patents In Issue and the prosecution and defense of this Action and Dawgs' Counterclaims in particular; and (iii) the decisions to engage in and then terminate settlement talks with
>
> Dawgs in 2013; and the manner and extent to which each individual

(continued…)

6

reasonably construed to cover the non-legal advice related activities of outside counsel. While it is conceivable that particular questions related to Global's communications with other insurers and Global's discovery responses could wade into protected attorney-client communications, these topics are not obviously targeting privileged information. Targeted objections may be made at the depositions, but there are no grounds for prohibiting these topics on privilege grounds.

### b. Information Available from Other Party (18, 19, 25, 26, 28, 29)

The court is unpersuaded by Global's claim that Aerojet is not entitled to inquire about its relationship and communications with the other insurers involved in this action or Marsh, its broker. Aerojet lists several topics directly going to these relationships:

> 18. Global's Communications with each Insurer-Defendant in the Action regarding Aerojet's claim.
>
> 19. Global's Communications with Marsh regarding Aerojet's claim.
>
> 25. The role and involvement of Marsh in the handling, investigation, and oversight of Aerojet's Claim.
>
> 26. Global's understanding of the role and involvement of each Insurer-Defendant in the handling, investigation, and oversight of Aerojet's claim.
>
> 28. Global's relationship with each Insurer-Defendant.
>
> 29. Global's relationship with Marsh with regard to Aerojet's claim.

ECF No. 134-1 at 5. Global contends that these topics reach information that is equally available from other entities. ECF No. 134 at 22-23. The court disagrees that this is sufficient reason to prohibit or limit the topics.

Global argues it should not be required to inquire into the knowledge of other entities, citing a case from a district court in Virginia, but even this case does not make Global's point. In Covington v. Semones, the court held that in the context of a 30(b)(6) deposition, there "is no

---

participated or was responsible[.]

Crocs, Inc., 2017 WL 1325344, at *4. Unlike the topic at issue in this case, the Croc's Inc. topic necessarily involved primarily, if not exclusively, information related to counsel's role as legal advisor.

7

duty imposed to inquire into the knowledge of another entity." No. Civ. A. No. 7:06-cv-00614, 2007 WL 1052460, at *1 (W.D. Va. Apr. 5, 2007). None of the topics at issue in Aerojet's notice ask for such an inquiry; instead, Aerojet is being asked to testify as to its *own understanding* of the involvement of other insurers and its own relationship and communications with Marsh and with other insurers. ECF No. 134-1 at 5. These topics are within Global's knowledge base and are appropriate topics for a 30(b)(6) deposition.

     c.  <u>Overbroad/Unduly Burdensome (10, 11, 12, 16, 17, 22)</u>

Global's objections to topics 10, 11, 12, 16, 17, and 22 as overly broad and unduly burdensome are, evaluated in context, persuasive only as to topics 10, 11, and 12. Global takes issue with the following topics:

> 10. The facts addressed facts addressed or related to Global's discovery responses in the Action.
>
> 11. The facts addressed or related to Global's affirmative defenses in the Action.
>
> 12. The facts addressed or related to Global's counterclaims in the Action.
>
> 16. Global's coverage position on Aerojet's Claim and the bases therefor.
>
> 17. Global's handling, investigation, and oversight of Aerojet's Claim, including without limitation, the individual(s) involved with and responsible for the handling and/or oversight of Aerojet's Claim and the roles each such individual had with respect to Aerojet's claim.
>
> 22. Global's understanding of the facts underlying Aerojet's claims against Global.

ECF No. 134-1 at 4-5. Global contends the above topics are overbroad and unduly burdensome because they would require Global to "prepare a witness to testify about virtually every fact known to Global that supports a claim or defense in this litigation." ECF No. 34 at 17. The court agrees that topics 10, 11, and 12 are, as drafted, so broad as to include every fact and issue in this case, and as such, make it impossible for Global to identify an appropriate deponent and properly prepare that deponent. For this reason, Global's motion must be granted as to these three topics.

Topics 16, 17, and 22, in contrast, are well enough defined that Global should be able to

8

select and prepare an appropriate witness. While these topics are broad, they are also highly relevant and are capable of reasonable construction. As the responding party, Global has an obligation to construe Aerojet's topics reasonably: "a 30(b)(6) topic is not objectionable to the extent that it may be reasonably construed to seek relevant information capable of being addressed in a deposition." Luna, 2015 WL 13655668, at *6. Moreover, in an insurance coverage case, topics addressing an insurer's coverage position and claims handling are appropriate topics for a Rule 30(b)(6) deposition of an insurer-defendant. See, Kelly v. Provident Life & Acc. Ins. Co., No. 04-cv-807-AJB BGS, 2011 WL 2448276, at *3-5 (S.D. Cal. June 20, 2011).

To the extent Global argues the questions present an undue burdensome because they are duplicative of written discovery already conducted, the court must decline Global's invitation to designate itself a "mere document gatherer;" Rule 30(b)(6) depositions serve a unique purpose and "a corporation may not take the position that its documents state the company's position." Id. at *3. Global's motion for a protective order as to topics 16, 17, and 22 must be denied.

### d. Not Relevant (15)

Global asserts that Aerojet's topic 15 is not relevant to the claims or defenses in this case. ECF No. 134 at 19. Topic 15 states as follows:

> 15. The location of (including systems used by Global) and the manner in which Global typically maintains, claims files and all claim related documentation and information related to claims tendered to Global by insureds under aerospace liability policies from November 2014 to present.

ECF No. 134-1 at 4. Global contends this topic has "no bearing on the issues in this litigation." ECF No. 134 at 19. Aerojet explains that this topic addresses two issues: (1) how Global generally handles claims, to determine if the handling of Aerojet's claim was consistent with normal procedures, and (2) whether Global conducted a complete search of its files in response to Aerojet's discovery requests. Id. at 28. Discovery requests must be "relevant to the claim or defense of any party" and "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Where an insurance bad faith claim is at issue, questions regarding routine claims handling, calculated to determine whether an insured's particular claim was

properly handled, are relevant.

e. <u>Seeking Legal Conclusions (16, 22)</u>

The court does not agree that topics 16 and 22 seek legal conclusions. The topics at issue are:

> 16. Global's coverage position on Aerojet's Claim and the bases therefor.
>
> 22. Global's understanding of the facts underlying Aerojet's claims against Global.

Global's assertion that these topics are impermissible because they call for legal conclusions is not reasonable. ECF No. 134 at 29-20. On their face, these questions ask Global to address its own coverage position and its understanding of Aerojet's legal claims in this case. The court finds no reason Global should not be able to address these topics without resorting to mere legal conclusions. Global's motion on this point must be denied.

### V. Conclusion

Global's motion for a protective order (ECF No. 130) is GRANTED as to topics 10, 11, and 12, and is DENIED as to the remainder of the 30(b)(6) topics at issue.

DATED: January 17, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE