1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   AEROJET ROCKETDYNE, INC.,              Case No. 2:17-cv-01515-KJM-AC

11              Plaintiff,

12        v.                                ORDER

13   GLOBAL AEROSPACE, INC., et al.,

14              Defendants.

15

16             Global defendants move to amend the midlitigation scheduling order, issued

17   October 16, 2018.  Mot., ECF No. 145; *see* Sched. Order, ECF No. 109.  Plaintiff Aerojet

18   Rocketdyne, Inc. opposes, Opp'n, ECF No. 163, and Global defendants filed a reply, Reply, ECF

19   No. 167.  The court heard the motion on February 21, 2019.  As explained below, the motion is

20   GRANTED.[1]

21   I.      LEGAL STANDARD

22             The court will modify dates set forth in a scheduling order only upon the moving

23   party's showing of good cause.  Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*,

24   975 F.2d 604, 608 (9th Cir. 1992).  The moving party must show it was diligent in its attempts to

25   complete discovery in a timely manner.  *Johnson*, 975 F.2d at 609.  "Although the existence or

26   _____

27   [1] Because this court and the assigned magistrate judge have reviewed the factual and procedural
     background in this matter in other orders, the court does not include those details here.  *See* ECF
     No. 137 (Jan. 17, 2019 order on motion for protective order); ECF No. 129 (Nov. 29, 2018 order
28   overruling objections to magistrate judge's rulings).

                                         1

degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end." *Id.* (citations omitted). Ultimately, the decision involves an exercise of discretion. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

## II.   DISCUSSION

Here, Global defendants argue recent developments, discovery disputes and scheduling issues generally require amendment to the scheduling order to prevent undue prejudice. Global defendants complain of "gaps" in Aerojet's document productions. Mot. at 8.[2] This complaint appears to be overstated, at least in part. *Compare* Mot. at 9 (arguing Aerojet disclosed "certain documents" on which its damages expert relied only night before Aerojet disclosed that expert's report on January 15, 2019), *with* Opp'n at 9 (explaining those "certain documents" consist of "only eight pages of previously unproduced reports" and, in any event, documents were produced prior to report's disclosure)*, and* Reply (neither addressing nor correcting point and thus, apparently, conceding it); *see also* Opp'n at 5–7 (noting magistrate judge has denied several of Global defendants' discovery motions purporting to identify deficiencies in Aerojet's productions; further noting Global defendants declined Aerojet's invitation to provide their own search terms to confirm Aerojet not withholding relevant documents). Still, it is clear enough that discovery on important issues is ongoing and will not be completed under the current scheduling order without posing risk of prejudice to Global defendants, if not Aerojet as well.

For example, Global defendants complain Aerojet delayed "quantify[ing] the bulk of [its] drastically increased damages claim" until it disclosed its January 15, 2019 expert report. Mot. at 8–9. Global defendants reasonably wish to explore this area more fully, particularly where Aerojet was required to disclose its "computation of each category of damages claimed" and relevant, non-privileged documents in its initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii). At hearing on this motion, Aerojet explained it too is waiting for Global defendants to quantify

---

[2] All citations to the parties' briefs refer to ECF page numbers, not the briefs' internal pagination.

their damages, and Global defendants just the week before hearing served supplemental disclosures indicating their damages calculations are under review and will be forthcoming. This indicates to the court that both parties face prejudice if the schedule is not modified.

Moreover, only on January 25, 2019 did Aerojet disclose two fact witnesses its damages expert interviewed in developing his opinions. While Aerojet contends these interviews were brief and can be adequately covered in its expert's testimony, it provides no authority for this position, which runs counter to principles of fundamental fairness. *See* Mot. at 9; *see also* Opp'n at 9; Opp'n Ex. A (Aerojet damages expert's declaration confirming he interviewed first individual for 30 minutes, second for 15 minutes and is prepared to discuss all information he received and its significance to his opinions). As the court confirmed at hearing, Global may depose these two new fact witnesses for a reasonable time, which the court doubts will approach seven hours for either witness.

Further, Aerojet most recently supplemented its disclosures on February 12, 2019, providing, according to Global defendants, documents Global defendants "requested months ago" and Aerojet had claimed were no longer outstanding. Reply at 6. At hearing, Aerojet responded in kind, saying Global defendants produced over 4,000 documents last week, their largest production yet, again indicating a risk of prejudice to both parties if the schedule is not modified.

Global defendants also complain there is little time under the current schedule for the parties to take stock of their case or move to compel, if needed. They point to the fact that the first fact witness deposition in this action was taken only on December 10, 2018 and the last is scheduled to take place just one day before fact discovery closes and motions in limine on non-bad faith experts are due. *See* Mot. at 9–11, 15–16; Reply at 6 (arguing "insufficient time remains to pursue additional discovery motions and utilize whatever relief may be granted within the remaining period for fact discovery"). While Aerojet responds that it agreed to virtually every deposition date Global defendants proposed late last year, it does not dispute that Global defendants served their first deposition notice in May 2018 and Aerojet declined to schedule depositions until Global defendants' bifurcation and protective order motions were resolved. *See* Mot. at 15; Opp'n at 11–13; *see also* Posner Decl., ECF No. 144, ¶ 27 (noting Aerojet has refused to reschedule

depositions set for March 13 and 14 because "the witnesses are unavailable for the entire month [of February]").

The court notes Aerojet's complaints that Global defendants have engaged in unnecessary discovery motion practice and now threaten to pursue more of the same, driving up costs in this action. *See* Opp'n at 6 (noting Global defendants have sought significantly more discovery than Aerojet and raised several unsuccessful discovery motions); *id.* at 8 (noting Global defendants unsuccessfully moved to compel production of privileged communications, then unsuccessfully moved for reconsideration and arguing they should not be permitted "to make a third run") (citing ECF Nos. 67, 100, 103, 129). On the limited record before it now, however, the court cannot necessarily conclude Global defendants lack a good faith basis for revisiting the privilege issue with the magistrate judge in the first instance. *See* Reply at 4–5 (explaining James Perry, a member of Aerojet's Board of Directors, testified he voted in favor of settlement based entirely on legal advice and arguing this provides Aerojet with "a substantial basis . . . to bring a new at issue waiver motion" as to Aerojet's invocation of attorney-client privilege); Reply Ex. 1, ECF No. 166-1, at 129:18–130:10 (Perry answering in affirmative when asked whether he voted in favor of settlement "based 100 percent on legal advice").

On balance, despite the parties' frequent disputes, the record before the court indicates the parties have largely pursued discovery with diligence but have been impeded by their disputes, with only recent production of potentially critical facts. On the one hand, discovery disputes are common in litigation, should be reasonably anticipated, and do not, standing alone, provide the requisite good cause to support amending a scheduling order. *See Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *5 (E.D. Cal. Mar. 20, 2013); *see also* Opp'n at 3 (arguing "Global Defendants alleged good cause is nothing more than a recitation of ongoing discovery disputes, which are not grounds to amend the scheduling order in this District."[3]). Here, however, the delays and ongoing uncovering of relevant information

---

[3] Aerojet cites "this District" and "the Eastern District," as parties often do, under the apparent misapprehension that courts within a federal district either are obliged or prefer to move in lockstep. This court is not bound by decisions of other courts within the Eastern District of California. While it looks to those decisions as persuasive authority, it views those decisions as no more and no less

presents good cause for a modest adjustment to the scheduling order to avoid prejudice to the Global defendants while posing minimal if any risk of prejudice to Aerojet, which, based on this record, also seems likely to benefit from the extension. *See* Charles A. Wright, et al., 6A Fed. Prac. & Proc. Civ. § 1527.1 (3d ed.) ("The court may permit the pretrial order to be modified when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving party.") (footnote omitted).

Accordingly, the court modifies the schedule as follows:

| Event | Current Deadline | Amended Deadline |
| --- | --- | --- |
| Complete fact discovery | March 15, 2019 | June 15, 2019 |
| Motions in limine as to non-bad faith experts | March 15, 2019 | July 15, 2019 |
| Designation of bad faith experts | March 15, 2019 | June 15, 2019 |
| Bad faith expert rebuttal reports | May 15, 2019 | August 15, 2019 |
| Complete bad faith expert discovery | June 15, 2019 | September 13, 2019 |
| Last day to hear bad faith dispositive motions | August 1, 2019 | November 1, 2019 |

The court considers these dates firm. As the court advised at hearing, if any party determines it cannot meet a deadline under the modified schedule, that party must meet and confer with the opposing parties and attempt to reach a stipulation. If unable to resolve the issue through meet and confer efforts, the parties must promptly contact the courtroom deputy, Ms. Schultz, who will then schedule a telephonic conference with the court. The court will not entertain motions or briefing concerning modifications to the scheduling order unless and until the moving party has satisfied these requirements.

At hearing, the court also confirmed the parties' obligation to meaningfully meet and confer regarding all disputed aspects of litigation moving forward. Based on their designation by the parties at hearing, the court will hold the following attorneys accountable for the parties' meet and confer obligations: Milton "Skip" Smith for Aerojet, Katherine B. Posner for Global defendants, and Larry M. Golub for Mitsui Sumitomo Insurance Co. of America. Further, to

persuasive than decisions of other district courts.

5

contain costs and maximize efficiencies in this litigation, the court encourages the parties to seek discovery guidance from the magistrate judge, provided she is willing to provide such guidance, before resorting to motion practice.

This order resolves ECF No. 143 and amends ECF No. 109.

IT IS SO ORDERED.

DATED:  March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE