UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC., | Case No. 2:17-cv-01515-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL AEROSPACE, INC., et al., | |
| Defendants. | |

Plaintiff Aerojet Rocketdyne, Inc. moves affirmatively in limine to include expert testimony at trial on the question whether its settlement was reasonable. Mot., ECF No. 111-1. Aerojet also requests the court "first articulat[e] the legal standard applicable to Aerojet's breach of contract claim." *Id.* at 5. Global defendants oppose, Opp'n, ECF No. 125,[1] and Aerojet has replied, Reply, ECF No. 161. The court heard the motion on February 21, 2019. As explained below, the motion is DENIED without prejudice.[2]

Aerojet argues expert testimony is particularly necessary here where "evaluating the reasonableness of a settlement in a commercial business dispute (much less one involving the

---

[1] The court's citations to the Global defendants' brief refer to ECF page numbers, not the brief's internal pagination.

[2] Because this court and the assigned magistrate judge have reviewed the factual and procedural background of this matter in other orders, the court does not repeat that discussion here. *See* ECF No. 137 (Jan. 17, 2019 order on motion for protective order); ECF No. 129 (Nov. 29, 2018 order denying objections to magistrate judge's rulings).

1

aerospace industry) is beyond the ken of the average juror." Mot. at 9 (citation omitted). Aerojet thus intends to present expert testimony "on Aerojet's liability risk and damages exposure— essentially a traditional litigation risk analysis—in reaching an opinion on the reasonableness of the settlement." *Id.* Though Aerojet did not identify any such expert or his or her opinions in its opening brief, *id.*, it now has disclosed its expert as Paul Pastorek, *see* Reply at 4. Global defendants generally do not dispute that a qualified expert may provide testimony on the reasonableness of a settlement, though they reserve the right to challenge any potential report "as unreliable." Opp'n at 13, 14 n.6. In light of these defendants' position, Aerojet seeks a ruling on an issue that is unripe and possibly uncontested. *See* Mot. at 11 (asking court to "hold that, subject to approval of qualifications as an expert witness, the testimony of Aerojet's expert witness on the reasonableness of the settlement is admissible for this purpose at trial."); Reply at 2 ("Aerojet is simply seeking a ruling that Aerojet may prove the reasonableness of the settlement through expert testimony."). The case law on the general question raised by Aerojet's motion is sufficient to guide Aerojet's strategy moving forward while the court's ruling, at least on this record, is unnecessary.

Aerojet also contends the parties' "fundamental disagreement about elements [of Aerojet's breach of contract claim] makes it difficult for Aerojet to finalize selection of experts and the admissible scope of expert testimony." Mot. at 4 & n.2. It thus requests the court "articulat[e] the legal standard applicable to Aerojet's breach of contract claim." *Id.* at 5. Nothing before the court indicates the parties actually dispute the elements of the breach of contract claim. As suggested in its motion, Aerojet's goal appears to be to have the court rule instead that "Aerojet may proceed with its proposed order of evidence—reasonableness of settlement, allocation between covered and uncovered claims, then coverage for the covered claims." Mot. at 11. In its reply, Aerojet appears to abandon, or at least reframe, this request. *See* Reply at 2 ("Aerojet is not asking the Court to determine the 'order' of proof.") (footnote omitted); *id.* at 6 (requesting court hold "there will be no specific order of evidence at trial requiring coverage to be addressed before other elements"). Aerojet presents no cogent argument as to how the court's prescribing now some order of evidence, or allowing Aerojet to follow whatever order it wishes, would streamline the litigation, before summary judgment practice. *See* Mot. at 11 (arguing in conclusory fashion that a ruling on

2

order of evidence would "pave the way for more efficient discovery and pre-trial preparations and avoid the specter of 'extensive [and expensive] discovery motion practice' raised by Defendants").

For the reasons reviewed above, as discussed with counsel at hearing, the motion is DENIED without prejudice.

IT IS SO ORDERED.

DATED: March 12, 2019.

_____
UNITED STATES DISTRICT JUDGE