UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETYDYNE, INC., <br><br>Plaintiff, <br><br>v. <br><br>GLOBAL AEROSPACE, INC., et al., <br><br>Defendants. | No. 2:17-cv-01515-KJM-AC <br><br><br><br>ORDER |

This matter is before the court on defendants' second motion to take additional depositions beyond the presumptive limit. ECF No. 182. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The matter was taken under submission on the papers. For the reasons stated below, the court DENIES defendants' motion.

**I.  Relevant Background**

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and multiple of its insurers (collectively "Global") arising out of a settlement agreement between Aerojet and Orbital Sciences Corporation ("Orbital"), a third-party company. According to the First Amended Complaint ("FAC"), the dispute between Aerojet and Orbital stemmed from two incidents, occurring on May 22, 2014 (E-17 Incident) and October 28, 2014 (Orb-3 Incident), in which engines supplied by Aerojet to Orbital failed, causing property damage. ECF No. 63-1 at 12 (Corrected FAC). Aerojet alleges

1

that on August 20, 2015, Orbital presented it with a 41-page draft complaint alleging breach of contract, negligence, misrepresentation, and other allegations. Id. at 13. The draft complaint claimed Orbital was owed "hundreds of millions of dollars" in damages, including damages to Orbital property, a NASA facility, repair and replacement damages, and other property damage including, but not limited to, delay costs. Id.

Aerojet alleges that on August 21, 2015, it provided a copy of the Draft Complaint to Global and requested Global provide coverage for the Orbital Claims. Id. Aerojet alleges it sought Global's consent to permit it to settle with Orbital on an expedited basis, and on September 1, 2015, Global provided that consent while reserving its right to deny coverage ("Non-Waiver Agreement"). Id. On September 21, 2015 Aerojet and Orbital settled for $50 million dollars. Id.

Aerojet sought indemnity from Global and alleges that Global wrongfully, and in bad faith, denied any defense or indemnity obligations for amounts Aerojet paid to Orbital under the settlement for the Orbital Claims, and has refused to pay any amount toward the defense and settlement. ECF No. 63-1 at 14. Aerojet brought this liability insurance coverage case for indemnity against Global alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of Business and Professions Code §17200 et seq. ECF No. 63-1. Defendants answered and brought counterclaims for breach of the covenant of good faith and fair dealing, breach of contract, estoppel, and waiver. ECF No. 93.

On September 26, 2018, Global filed a motion to take additional depositions beyond the presumptive limit, seeking a total of 20 depositions. ECF No. 119. Plaintiffs opposed the motion, which the court ultimately granted in part and denied in part. ECF No. 124. In that order, the court denied Global's request to take the depositions of Aerojet's in-house counsel members, including Christopher Cambria, Jeffrey Robb, and Brian Sweeny, without prejudice. Id. at 5-6. The court concluded as follows:

> To the extent Global argues that the attorneys have produced non-privileged documents and can make non-privileged comments with respect to those documents, the court is not persuaded that the same information could not be obtained from other non-attorney sources. The court will not allow Global to exceed their deposition limit by

> taking depositions that are not likely to be productive due to the privileged nature of the deponents' relationships with Aerojet. Global's requests to depose Christopher Cambria, Jeffrey Robb, and Brian Sweeny are denied. Denial, however, is without prejudice; if having taken other relevant depositions it becomes clear to Global that the attorney deponents possess non-privileged, non-duplicative information, Global may bring a second motion to take the depositions.

Id. The court allowed Global to take the depositions of Kathleen Redd, Warren M. Boley, Jr., Richard A. Tanovich, James Perry, George Lonergan, William Marlow, and Scott Seymour. Id. at 8.

## II. Motion

Defendants now re-petition the court to take the depositions of Christopher Cambria, Jeffrey Robb, and Brian Sweeny. ECF No. 194 at 19-21. Defendants also seek to depose two non-attorney former employees: John Myers and John Canzio. Id. at 22-23. Aerojet opposes the allowance of any further additional depositions beyond the presumptive limit. Id. at 24-30.

## III. Analysis

Federal Rule of Civil Procedure 30 presumptively limits a party to ten depositions; a party may only exceed this number with leave of court or stipulation of the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). A party seeking leave of court to exceed 10 depositions must make a "particularized showing" why the discovery is necessary under Rule 26. Id. (citing C&C Jewelry Mfg., Inc. v. West, 2011 WL 767839, at *1 (N.D. Cal. 2011)).

A. <u>Defendants' Motion is Denied as to In-House Counsel Deponents</u>

Global's proposed depositions of Christopher Cambria, Jeffrey Robb, and Brian Sweeny, appear to be more burdensome than they are necessary, as they are unlikely to lead to non-duplicative information. As discussed in the undersigned's previous order, courts have recognized the deposition of an opposing party's counsel can have a negative impact on the litigation process and these depositions are therefore discouraged. See Stevens v. Corelogic, Inc., No. 14CV1158 BAS (JLB), 2015 WL 8492501, at *1 (S.D. Cal. Dec. 10, 2015). Generally, courts allow for the deposition of an opposing party's attorney where the party seeking to take the deposition can show "(1) No other means exist to obtain the information than to depose opposing

3

counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case." Id., citing Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986).

Global has again failed to make the particularized showing necessary to demonstrate that the depositions Robb, Cambria, and Sweeny are likely to lead to unique information that is crucial to the preparation of this case, especially in light of the extensive discovery (already above and beyond the presumptive deposition limit) that has occurred in this case, and the fact that others were present for nearly all of the interactions Global seeks information about. For example, Global contends that Cambria "took the lead" in a conference call with insurance broker Marsh on August 24, 2015 (ECF No. 194 at 20), but others were on this call as well. Global contends Mr. Sweeney was part of the "Aerojet contract negotiating team" in 2015, but on its face, this statement indicates others also participated in the relevant contract negotiation. ECF No. 194 at 21. The allegation that Sweeney became a conduit for negotiations does not make a showing that he is the sole source of crucial information. Id. The same is true for the allegation that Mr. Robb became a point person for communications with Orbital and that he was trying to "spearhead and capture" information about Orbital. Id. at 22. None of this indicates that these individuals are the *sole sources* of crucial information.

Indeed, Global has already taken the depositions of others who were part of the same conversations as the proposed attorney deponents. For example, Gerald Newman was party of the "contract negotiating team" with Mr. Sweeny. ECF No. 194-2 at 330. Further, as the court noted in its last order on this subject, Aerojet has already produced non-privileged documents from each of these proposed deponents. ECF No. 119 at 28. Global's argument is not persuasive insofar as it does not point to specific facts that are solely within the wheelhouse of the proposed deponents, and this is especially true in light of the extensive and burdensome deposition discovery that has already taken place and is ongoing in this case. Discovery is broad, but it must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court is unconvinced that the proposed additional depositions are necessary or proportional, and Global's request is DENIED.

4

B. Global's Motion is Denied as to Non-Attorney Deponents

Global's request to depose Mr. Canzio and Mr. Myers does not satisfy the requirement of a particularized showing of necessity under Fed. R. Civ. P. 30(a)(2)(A)(i). Global argues that other deponents testified that they received "Estimates on Completion" and other financial analyses from Myers and/or Canzio. ECF No. 194 at 22-23. First, Aerojet has provided an affidavit that any such assessments were *not* focused on Orbital's damages; rather the assessments addressed the financial impact to Aerojet that a settlement would cause, and the assessments were done by another person – Jordan Ware – even if they were delivered to others through Myers and/or Canzio. ECF No. 194-2 at 2, Myers Aff. at ¶¶ 2-3. Aerojet states that "Global will have the chance to depose Mr. Ware, who created the underlying financial reports and assessments." ECF No. 194 at 29. In light of this representation, there is no particularized showing of necessity to depose Mr. Canzio or Mr. Myers, and the motion is DENIED on this point.

### IV. Conclusion

Defendants' second motion for additional depositions (ECF No. 182) is DENIED in its entirety.

DATED: April 1, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5