UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC., | Case No. 2:17-cv-01515-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL AEROSPACE, INC., et al, | |
| Defendants. | |

On July 15, 2019, defendants and counterclaim plaintiffs requested to seal documents filed in connection with their motions in limine to (1) exclude the expert testimony of Laura Montgomery and (2) exclude the expert testimony of Paul Pastorek. Request, ECF No. 217; Montgomery Mot., ECF No. 211; Pastorek Mot., ECF No. 214. As to the Montgomery motion, defendants request the court seal two exhibits consisting of "excerpts of the contract between non-parties Orbital Sciences Corporation [] and the Virginia Commercial Space Flight Authority ('VCSFA')." Request at 4.[1] VCSFA, a non-party, produced both documents with a confidential designation under the terms of the discovery protective order issued in his case. *Id.*; Discovery Protective Order, ECF Nos. 36−37. As to the Pastorek Motion, defendants request the court seal an exhibit VCSFA produced, also with a confidential designation, in response to plaintiff's subpoena. Request at 4. As explained below, the court DENIES the request.

---

[1] All citations are to CM/ECF pagination.

1

I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) (footnotes omitted). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a party moves to seal a record, the court looks to the underlying motion and determines whether it is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, a party seeking to seal the record must satisfy the "stringent" compelling reasons standard. *Id.* at 1096. Applying this standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture," and finds this reason outweighs the public's interest and the presumption of public access. *Id.* at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179).

When a motion is unrelated or only tangentially related to the merits of the case, the good cause standard, which is an "exception" to the "presumptive" compelling reasons standard, applies. *Id.* at 1097–98. To establish good cause, a party must show "specific prejudice or harm will result" absent sealing, *Foltz*, 331 F.3d at 1130, which may include the need "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting Fed. R. Civ. P. 26(c)).

Under Local Rule 141, "[d]ocuments may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. R. 141(a). A party seeking to seal documents must make a "specific request[] to seal . . . even if an existing protective order, statute, or rule requires or permits the sealing of the document." *Id.* Any such request must "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category of person to be permitted access to the documents, and all other relevant information." E.D. Cal. R. 141(b). Further, Local Rule 140 provides for filing redacted documents on the public docket under

specific circumstances, which may include protecting "proprietary or trade secret information . . . ." E.D. Cal. R. 141(b). These requirements, including the court's clear admonishment that "protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket," are reiterated in the court's standing order and in the magistrate judge's approval of the protective order. ECF No. 3-1 at 6 (standing order); ECF No. 37 ¶ 2 (order approving discovery protective order).

II. DISCUSSION

Defendants' request is unsupported and appears to assume a "confidential" designation or the unspecified interests of a non-party conclusively warrant sealing. *See* Request at 4 (providing four paragraphs of text requesting sealing with no argument or citation to authority). That assumption is mistaken. Defendants have not addressed whether the compelling reasons or good cause standard governs their request. *See Ctr. for Auto Safety*, 809 F.3d at 1099 ("[P]lenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case.") (footnote omitted). Moreover, while the discovery protective order requires a party intending to use a document designated "confidential" in a pretrial filing to notify the designating party prior to use to allow that party to file a notice of request to seal, ECF No. 36 at 5−6, defendants do not indicate they so notified VCSFA and do not explain why VCSFA is not pursuing this motion. In sum, regardless of which standard applies, defendants have not carried their burden in establishing that sealing, and thus denying the public access to these documents, is specifically justified here.

Defendants' request is DENIED without prejudice to a renewed request that complies with this court's rules and properly addresses controlling authority.

IT IS SO ORDERED.

DATED: July 18, 2019.

_____
UNITED STATES DISTRICT JUDGE