UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC. f/k/a AEROJET- GENERAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AEROSPACE, INC., *et al.*,<br><br>Defendants. | Case No. 2:17-cv-1515-KJM-AC<br><br><br>ORDER |

    This court has received and reviewed defendants' Notice of Unopposed Request and Unopposed Request to Seal Documents filed on October 4, 2019 and has considered the grounds stated therein in light of the applicable law, which defendants' accurately summarize in their request. The court grants the request in part and denies it in part as explained below.

    The court notes in the first instance that despite defendants' representing that the request complies with the court's standing order, it does not comply in full. That order provides, in pertinent part, "The court will only consider requests to seal or redact filed by the proponent of sealing or redaction." ECF 3-1 at 6. The court has imposed this requirement after observing in prior cases that the party claiming confidentiality in the first instance is best positioned to make the arguments supporting sealing or redaction, given the information to which only it is privy and its stake in the matter.[1] Given that the parties have met and conferred as required, and that

---

[1] Specifically, the court began imposing this requirement following its observations of the

1

plaintiff delegated its task of supporting its claim of confidentiality to defendants, the court proceeds to resolve the request on the record before it.

### Exhibits P and T

Defendants have shown "compelling reasons" to seal Exhibits P and T to Defendants' Motion for Summary Judgment on Plaintiff's Bad Faith Claim, by pointing to the content of the documents and applicable case law. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016). Therefore, unless or until further order of the court, Exhibits P and T shall be sealed with no access to the public, and access to these documents as filed on the docket will be limited to the court, authorized court personnel and the parties.

### Exhibits BB, YYY and ZZZ

Defendants have not shown "compelling reasons" or "good cause" to seal Exhibits BB, YYY or ZZZ. In their motion, defendants say simply that the documents contain trade secrets, without any evidentiary support, and argue only that the exhibits "contain confidential business strategy information and proprietary information that, according to Aerojet, should remain confidential." ECF No. 238 at 8:20-21. Defendants' brief is wholly insufficient to support sealing of these exhibits and so the request is denied. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not satisfy the good cause standard.). If plaintiff had made the request to seal, the court would return these exhibits – or return them virtually by shredding -- to allow plaintiff to consider whether or not to proceed in relying on them, as contemplated by the Local Rules. *See* L.R. 141(e)(1). But here, as noted, plaintiff delegated the request to seal to defendants, and it is defendants who seek to rely on the documents in connection with defendants' summary judgment motion. Therefore, the court concludes plaintiff has waived its claim of confidentiality, and defendants may proceed to file Exhibits BB, YYY

---

imbalance arising without such a rule in the "Moonlight Fire" case, in which one of plaintiff's attorneys served as counsel. *See United States v. Sierra Pacific Industries*, 2:09-cv-2445 (E.D. Cal.).

1 | and ZZZ on the public docket in connection with their motion.  *See Littlejohn v. BIC Corp.*, 851

2 | F.2d 673, 680 (3d Cir. 1988) (failure to seek an order sealing record constitutes waiver of

3 | confidentiality interests); *Morton v. Rank Am., Inc.*, 812 F. Supp. 1062, 1075 (C.D. Cal. 1993)

4 | ("A trade secret may only exist [] if reasonable steps were taken to maintain its secrecy.") (citing

5 | Cal. Civ. Code § 3426.1(d)(2)).

Defendants' request to seal is GRATED as to Exhibits P and T and DENIED as to Exhibits BB, YYY and ZZZ.  Defendants may file Exhibits BB, YYY and ZZZ on the public docket.

This order resolves ECF No. 238.

IT IS SO ORDERED.

DATED:  October 10, 2019.

_____
UNITED STATES DISTRICT JUDGE