UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aerojet Rocketdyne, Inc., | No. 2:17-cv-01515-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Global Aerospace, Inc., et al., | |
| Defendants. | |

Plaintiff Aerojet Rocketdyne, Inc. ("Aerojet") moves, under Federal Rule of Civil Procedure 16, to amend the scheduling order to reopen limited discovery on its bad faith insurance claim against defendant Global Aerospace, Inc. ("Global"). Having considered the parties' positions, relevant legal authority, and the record in this case, the court **grants** Aerojet's motion.

**I.   BACKGROUND**

Because prior orders have thoroughly explained the history of this insurance dispute, *see, e.g.*, Mot. Strike Order, ECF No. 231, the court only summarizes relevant details here. Plaintiff Aerojet supplied rocket engines to non-party Orbital Sciences Corporation ("Orbital"). *See* Second Am. Compl. ("SAC") ¶ 36, ECF No. 149. Two malfunctions followed. First, on May 22, 2014, Aerojet's engine failed during testing, ultimately causing "substantial damage to the engine, the test facility, and ground equipment." *Id.* Second, on October 28, 2014, Orbital attempted to

1

launch a vehicle with cargo destined for the International Space Station. *Id.* The launch was powered by two engines supplied by Aerojet. *Id.* Fifteen seconds into the launch, the vehicle exploded and impacted near the launch pad, causing destruction of the launch vehicle and its cargo, and "significant damage to the launch pad and associated facilities and buildings." *Id.*

Orbital threatened to sue, *id.* ¶¶ 42–43, but Aerojet and Orbital resolved their dispute before a lawsuit was filed, *id.* ¶ 48. Prior to finalizing settlement, however, Aerojet sought insurance coverage for Orbital's threatened claims. *Id.* ¶ 44. Aerojet is insured by defendant Global. Before the Aerojet-Orbital settlement was finalized, Global was aware of the nature of Orbital's claims. *Id.* ¶¶ 44–47. Global was also aware that Aerojet would seek indemnification from Global for the property damage included in the Orbital settlement. *Id.* Aerojet finalized its settlement with Orbital, "tendered the settlement to Global, and requested Global reimburse Aerojet for amounts . . . paid to Orbital under the settlement." *Id.* ¶ 50.

Global retained Condon & Forsyth to lead its investigation into Aerojet's reimbursement request. *See* First Mot. to Recons. Order at 10,[1] ECF No. 239. Importantly, the Condon & Forsyth personnel who led the claims investigation were Katherine Posner and Wendy Grossman, who are Global's trial counsel in this case. *See* Mot. Reopen Sched. at 11–12, ECF No. 286-1. After investigation, Global denied Aerojet's reimbursement request, asserting the policy does not provide indemnification for "amounts . . . paid to Orbital under the settlement . . . ." SAC ¶ 51.

Based on Global's denial of its reimbursement request, Aerojet filed suit against Global in Los Angeles County Superior Court, and Global timely removed to this court. *See generally* Not. of Removal, ECF No. 1. The operative second amended complaint makes three claims: (1) breach of written insurance contract; (2) breach of implied covenant of good faith and fair dealing ("bad faith"), and (3) unfair competition in violation of California Business and Professions Code section 17200 et seq. SAC ¶¶ 54–79.

Since this case's inception, Global has responded to Aerojet's discovery requests regarding its bad faith claim by asserting privilege and work-product protection; this response has

---

[1] To avoid confusion, pages cited here are those printed on the top right page of the document by the CM/ECF system.

resulted in a protracted discovery dispute.  Aerojet filed a motion to compel production on February 1, 2019, *see* ECF No. 151, which the court granted a month later, *see* Mot. Compel Order, ECF No. 189.  Global then moved for reconsideration, *see* ECF No. 197, which Aerojet opposed, *see* ECF No. 200, and the court denied on October 7, 2019, *see* First Mot. to Recons. Order, ECF No. 239.  Global then moved for reconsideration a second time.  *See* ECF No. 248.  Again, Aerojet opposed.  *See* ECF No. 249.  The court denied the Motion for Reconsideration and granted the Motion to Compel in its entirety, again, on January 14, 2021.  *See generally* Second Mot. to Recons. Order, ECF No. 277.  All in all, it took roughly two years to resolve Aerojet's Motion to Compel.  Thus, while the deadline for fact discovery was June 15, 2019, *see* Amend Sched. Order at 5, ECF No. 185, this court entered the order requiring Global to turn over the claims investigation file on January 14, 2021, *see* Second Mot. to Recons. Order.  As a result, Aerojet only started receiving the contested documents in February 2021, and it soon began to meet and confer regarding what it perceived as deficiencies in the production.  Global sent its last batch of production to Aerojet on May 12, 2021.  *See* Mot. Amend Sched. at 17 n.6, ECF No. 286-1.  At this point, Aerojet maintains Global's production is inadequate.

While Global's second Motion for Reconsideration[2] was pending, the parties jointly requested that the court defer hearing Global's Motion for Summary Judgment on bad-faith claims until the court ruled on Global's second Motion for Reconsideration.  *See generally* Joint Stip., ECF No. 241.  The court granted this request on October 15, 2019.  *See* Min. Order, ECF No. 245.  On February 27, 2020, the court noted that it "will not amend the scheduling order until" it resolved two pending motions: Global's second Motion for Reconsideration, and an unrelated Motion *in Limine*.  *See* Min. Order, ECF No. 261.  The court resolved Global's Motion for Reconsideration on January 14, 2021, *see* Second Mot. to Recons. Order, and its Motion *in Limine* on May 7, 2021, *see* Mot. Limine Order, ECF No. 280.  Once the court decided both motions, Aerojet requested, on May 27, 2021, that the court reopen discovery on a limited basis and that briefing on Global's bad faith Motion for Summary Judgment be delayed until discovery

---

[2] This is Global's Second Reconsideration request vis-à-vis Aerojet's Motion to Compel. Global has filed other Motions for Reconsideration in this matter as well.

was complete. *See generally* Joint Status Report, ECF No. 284. The court's October 7, 2021 minute order was silent on these requests. *See* Minute Order, ECF No. 285.

Aerojet now moves to amend the scheduling order to reopen limited discovery on its bad faith claim. *See generally* Mot. Amend Sched., ECF No. 286. Specifically, Aerojet seeks "to amend the Scheduling Order to permit Aerojet to conduct up to five depositions, and similarly limited written discovery, focused on the reasonableness and adequacy of the claims investigation by Condon & Forsyth and documents Aerojet recently received regarding that investigation." *Id.* at 5. Global opposes, *see* ECF No. 287, and Aerojet has replied, *see* ECF No. 290. The court submitted the matter without a hearing and resolves it here.

## II.     LEGAL STANDARD

A moving party must show good cause to modify a scheduling order. Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). The "good cause" standard also applies to requests to reopen discovery. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying *Johnson* "good cause" requirement to motions to reopen discovery); *Yeager v. Yeager*, No. 06-001196, 2009 WL 1159175, at *2 (E.D. Cal. Apr. 29, 2009) (a party must show "good cause" to reopen discovery).

Specific factors courts consider when analyzing a motion to reopen discovery include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*United States, ex rel. William Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (1995) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)). Of these six factors, the primary factor is the fourth: whether the moving party was diligent in its attempts to complete discovery in a timely manner. *See Johnson*, 975 F.2d at 609. If the moving party was not diligent, the inquiry should end, and the request should be denied. *Id.*

/////

A decision to reopen discovery involves an exercise of discretion. *Hughes Aircraft Co. v. United States, ex rel. William Schumer*, 520 U.S. 939, 952 (1997). "Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source." *Fed. Deposit Ins. Corp. as Receiver for Butte Cmty. Bank v. Ching*, No. 13-01710, 2016 WL 1756913, at *2 (E.D. Cal. May 3, 2016) (citing *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1225–26 (E.D. Cal. 2008)).

### III.   ANALYSIS

Because the moving party's diligence is the most important consideration in the court's good cause inquiry, the court starts there. Finding that Aerojet was diligent in its attempts to complete discovery in a timely manner, the court then assesses the remaining factors.

#### A.   Aerojet was Diligent

Courts use a three-pronged test to assess diligence in the context of a motion to amend the scheduling order under Rule 16:

> [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order.

*Grant v. United States*, No. 11-00360, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

A fair analysis under all three prongs suggests Aerojet was diligent in its attempts to complete discovery in a timely manner. As to the first prong, Aerojet has diligently assisted the court in creating a workable Rule 16 order. When Global's Motions for Reconsideration on Aerojet's Motion to Compel prevented Aerojet from timely obtaining the discovery it now seeks, Aerojet repeatedly brought scheduling concerns to the court's attention. *See, e.g.*, Minutes, ECF No. 257 ("[Aerojet's counsel] raised concerns related to scheduling" when the discovery deadline lapsed with Global's second Motion for Reconsideration pending.); *see also* Joint Status Report at

7, ECF No. 259 ("[Aerojet proposes that] the parties . . . adopt a schedule that will allow them to move forward with those pieces of the litigation process that they can, as soon as they can, rather than planning to come back to this Court for further deadlines and scheduling orders at each step of the process."). When the court decided it would not address the scheduling order until after it decided two of Global's pending motions, Aerojet remained proactive with regard to scheduling: Aerojet proposed short and specific discovery deadlines to take effect if the pending Motion for Reconsideration was denied. *See* Joint Status Report at 8, ECF No. 259. And after Global's motions were decided, Aerojet again raised the scheduling issue in its separate statement to the May 27, 2021 Joint Status Report. *See* ECF No. 284. Less than a month after the court issued a minute order that was unresponsive to this concern, Aerojet brought the motion at issue here. *See generally* Mot. Amend Sched. In short, Aerojet has been consistently diligent in assisting the court in creating a workable Rule 16 order. The first prong is satisfied.

These same facts, particularly Aerojet's filing its Motion to Amend the Scheduling Order less than a month after the court's October 7, 2021 minute order, also demonstrate that Aerojet was diligent in seeking amendment of the Rule 16 order once it became apparent it could not comply with that order; thus, Aerojet also satisfies the third prong.

Finally, as to the second prong, Aerojet could not have foreseen, in late 2017, that it would still be waiting to receive documents essential to its bad faith claim in mid-2021. Resolution of Aerojet's Motion to Compel was delayed by two Motions for Reconsideration. These motions caused the Motion to Compel to remain pending for roughly two years. Aerojet could not have reasonably foreseen or anticipated this at the time of the Rule 16 scheduling conference. Nor could Aerojet have foreseen that the court would not revisit the scheduling order, as it had contemplated, after it resolved Global's motions. The second prong is met.

Global's contrary suggestions are unpersuasive. Global, for instance, notes that Aerojet "failed to make timely efforts to discover arguably relevant evidence pertaining to its bad faith claim that was not subject to its claims of privilege." Opp'n Amend Sched. at 13. But a finding of diligence does not require a movant to seek discovery the way Global would have done it, or to

/////

request all "arguably relevant" evidence. Aerojet's diligence, which is given primary consideration in the court's good cause analysis, is evident from the record.

### B. Other Good Cause Factors Weigh in Favor of Reopening Discovery

Having determined that factor four—Aerojet's diligence—is met, the court turns to the remaining factors to determine whether Aerojet has shown good cause for amending the scheduling order.[3] Factors one, two, three and five do not require extensive discussion. As to the first factor, trial has not been scheduled, so it is not "imminent." This weighs in favor of reopening discovery. As to the second factor, Aerojet's request is opposed. This weighs against reopening discovery, at least on its face. As to the third factor, Global provides its entire argument in one sentence: "the advocate-witness rule could result in disqualification of the Global Defendants' counsel." Opp'n Amend Sched. at 21. Without more, the court will not speculate on this point; the court declines to make Global's arguments for it. This factor weighs in favor of reopening discovery; even if it did not, it would not shift the balance among the six factors or alter the court's ultimate conclusion. As to the fifth factor, as the court has explained above in its diligence analysis, Aerojet could not have foreseen, in 2017, that it would still be waiting for discovery in 2021. To the extent the need for additional discovery became foreseeable, Aerojet was still barred from moving to amend the scheduling order until the court decided Global's pending motions. *See* Min. Order, ECF No. 261. Those motions were not resolved until May 2021, the same month Aerojet once against raised the need for additional discovery in the motion at issue here. The fifth factor is satisfied.

/////

---

[3] For ease of reference, as discussed above, the six factors are:

(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Hughes Aircraft Co.*, 63 F.3d at 1526 (citing *Smith*, 834 F.2d at 169).

The sixth factor, the likelihood that the requested discovery will lead to relevant evidence, also favors reopening discovery.  Aerojet seeks to conduct up to five depositions of Condon & Forsyth personnel involved in the claims investigation, starting with Ms. Posner and Ms. Grossman, the "key parties responsible for investigating Aerojet's claims."  Mot. Amend Sched. at 13.  Aerojet also seeks leave to propound five requests for production, five requests for admission and five interrogatories focused on Condon & Forsyth's claims investigation and relevant documents recently received by Aerojet.  *Id.* at 5.

The parties dispute whether the requested discovery is likely to lead to new evidence.  Global argues it has already complied with this court's order to produce Condon & Forsyth's entire file from the date Global engaged it to investigate Aerojet's claim through the date Global issued its denial letter; reopening discovery will therefore reveal nothing new.  *See* Opp'n Amend Sched. at 20.  Aerojet in turn questions whether Condon & Forsyth could perform the "mighty tasks" associated with "multi-million-dollar insurance claims" with "fewer than 30 internal emails," many of which were non-substantive, and "fewer than five partial pages of typewritten notes and no hand-written notes."  Mot. Amend Sched. at 13–14.  Aerojet further notes apparent incongruities between Condon & Forsyth's billing entries and Global's document production to date, asserting that these incongruities "raise[] questions that can only be answered by Ms. Posner and Ms. Grossman."  *Id.* at 14.  Aerojet's request to probe the incongruities is a fair one.  The court expressly rejects Global's assertion that the heightened standard articulated in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) applies to the proposed depositions of Ms. Posner and Ms. Grossman.  *See* Opp'n Amend Sched. at 19.  This is an echo of arguments made across two years of briefing on Aerojet's Motion to Compel and Global's two Motions for Reconsideration.  Aerojet intends to depose Ms. Posner and Ms. Grossman in their capacity as claims handlers, not trial counsel, *see* Mot. Amend Sched. at 12, and will be bound by that representation.  Ultimately, the court agrees with Aerojet's assertion that it "should not be foreclosed from deposing the individuals at the heart of Global's investigation solely because they happen presently to serve as the Global Defendants' trial counsel. Such a rule would permit insurers to circumvent the limitations on attorney-client privilege and shield critical evidence

8

Case 2:17-cv-01515-KJM-AC   Document 295   Filed 01/04/22   Page 9 of 10

relating to their investigations from discovery by hiring lawyers when they receive a notice of claim." *Id.* at 13.

Given that the requested discovery is likely to uncover new evidence, the court next considers whether the new evidence is likely to be relevant. Aerojet alleges Global "had the duty to act fairly and in good faith to Aerojet in carrying out its responsibilities under the Policies, including reasonably investigating claims . . . ." SAC ¶ 68. Aerojet's requested discovery is directed at the reasonableness of Condon & Forsyth's investigation of Aerojet's claim for coverage; it is relevant. The court thus finds the requested discovery is likely to lead to relevant evidence, and the sixth factor is met.

Global's primary argument to the contrary is circular and unpersuasive. Specifically, Global argues that its decision to disclaim coverage was reasonable, and that the information Aerojet seeks about Condon & Forsyth's claims investigation is therefore irrelevant because the mechanics of a claims investigation are irrelevant if the investigation's conclusion was reasonable. This argument assumes its conclusion: Global attempts to deny Aerojet access to evidence that could prove the disclaimer was unreasonable by simply asserting the disclaimer was reasonable. Global's pre-trial proclamation that its denial of coverage was reasonable does not render the facts related to Aerojet's bad faith claim irrelevant for purposes of conducting discovery. *See Shade Foods, Inc. v. Innovative Prods. Sales &Mktg., Inc.*, 93 Cal. Rptr. 2d 364, 386 (Cal. Ct. App. 2000) ("Among the most critical factors bearing on the insurer's good faith is the adequacy of its investigation of the claim."). Aerojet is entitled to the requested discovery. *See Landes v. Skil Power Tools*, No. 12-01252, 2013 WL 6859837, at *3 (E.D. Cal. Dec. 30, 2013) (quoting Moore's Federal Practice § 16.14[b] (2003): "[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party."); *see also Ching*, 2016 WL 1756913, at *2 ("Motions are more often granted when the opposing party's actions caused delay or when the need to amend arises from some unexpected or outside source." (citing *Hood*, 567 F. Supp. 2d at 1225–26)).


**IV.     CONCLUSION**

For the foregoing reasons, the court **grants** Aerojet's Motion to Amend the Scheduling Order. The parties shall complete the limited discovery ordered here **by March 4, 2022**. The court's October 7, 2021 minute order, ECF No. 285, setting a hearing date and briefing schedule for Global's bad faith Motion for Summary Judgment is **vacated**. The parties shall submit a Joint Status Report with a proposed schedule for Global's bad faith Motion for Summary Judgment **no later than March 18, 2022**.

This order resolves ECF No. 286.

IT IS SO ORDERED.

DATED: January 4, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE