UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETYDYNE, INC., | No. 2:17-cv-01515 KJM AC |
| Plaintiff, | |
| v. | ORDER |
| GLOBAL AEROSPACE, INC., et al., | |
| Defendants. | |

This matter is before the court on two motions: defendant's motion for a protective order (ECF No. 301) and plaintiff's motion to compel (ECF No. 303). These discovery motions were referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The matters were taken under submission on the papers. For the reasons stated below, the court DENIES defendant's motion for a protective order and GRANTS plaintiff's motion to compel.

**I.   Relevant Background**

This is a liability insurance coverage action between plaintiff Aerojet Rocketdyne, Inc. f/k/a Aerojet-General Corporation ("Aerojet") and multiple of its insurers (collectively "Global") arising out of a settlement agreement between Aerojet and Orbital Sciences Corporation ("Orbital"), a third-party company. Prior orders have thoroughly explained the history of this insurance dispute (see, e.g., ECF No. 231) and only relevant details are summarized here.

////

1

1   Plaintiff Aerojet supplied rocket engines to non-party Orbital.  Second Am. Compl.
2   ("SAC") ¶ 36, ECF No. 149.  Two malfunctions followed.  Id.  Orbital threatened to sue.  Id. ¶¶
3   42-43.  However, Aerojet and Orbital resolved their dispute before a lawsuit was filed.  Id. ¶ 48.
4   Prior to finalizing settlement, Aerojet sought insurance coverage from it's insurer, Global, for
5   Orbital's threatened claims.  Id. ¶ 44.  Before the Aerojet-Orbital settlement was finalized, Global
6   was aware of the nature of Orbital's claims.  Id. ¶¶ 44–47.  Global was also aware that Aerojet
7   would seek indemnification from Global for the property damage included in the Orbital
8   settlement.  Id.  Aerojet finalized its settlement with Orbital, "tendered the settlement to Global,
9   and requested Global reimburse Aerojet for amounts . . . paid to Orbital under the settlement." Id.
10  ¶ 50.

11   Global retained Condon & Forsyth to lead its investigation into Aerojet's reimbursement
12  request.  ECF No. 239 at 10.  Importantly, the Condon & Forsyth personnel who led the claims
13  investigation were Katherine Posner and Wendy Grossman, who are Global's trial counsel in this
14  case.  ECF No. 286-1 at 11–12.  After investigation, Global denied Aerojet's reimbursement
15  request, asserting the policy does not provide indemnification for "amounts . . . paid to Orbital
16  under the settlement . . . ."  SAC ¶ 51.  Based on Global's denial of its reimbursement request,
17  Aerojet filed suit against Global in Los Angeles County Superior Court, and Global timely
18  removed to this court.  See generally, ECF No. 1.  The operative second amended complaint
19  makes three claims: (1) breach of written insurance contract; (2) breach of implied covenant of
20  good faith and fair dealing ("bad faith"), and (3) unfair competition in violation of California
21  Business and Professions Code section 17200 et seq.  SAC ¶¶ 54–79.

22   Throughout the progression of discovery, Global has objected to Aerojet's discovery
23  requests regarding its bad faith claim by asserting privilege and work-product protection resulting
24  in various protracted discovery disputes.  Aerojet filed a motion to compel production on
25  February 1, 2019, ECF No. 151, which the court granted a month later, ECF No. 189.  Global
26  then moved for reconsideration, ECF No. 197, which Aerojet opposed, ECF No. 200, and the
27  court denied on October 7, 2019, ECF No. 239.  Global then moved for reconsideration a second
28  time.  ECF No. 248.  Again, Aerojet opposed.  ECF No. 249.  The court denied the Motion for

Reconsideration and granted the Motion to Compel in its entirety, again, on January 14, 2021. ECF No. 277. It took roughly two years to resolve Aerojet's Motion to Compel. Thus, while the deadline for fact discovery was June 15, 2019, ECF No. 185 at 5, this court entered the order requiring Global to turn over the claims investigation file on January 14, 2021. ECF No. 277. Aerojet only started receiving the contested documents in February 2021, and it soon began to meet and confer regarding what it perceived as deficiencies in the production. Global sent its last batch of production to Aerojet on May 12, 2021. ECF No. 286-1 at 17 n.6. Aerojet maintains Global's production is inadequate.

While Global's second Motion for Reconsideration was pending, the parties jointly requested that the court defer hearing Global's Motion for Summary Judgment on bad-faith claims until the court ruled on Global's second Motion for Reconsideration. ECF No. 241. The court granted this request on October 15, 2019. ECF No. 245. On February 27, 2020, the court noted that it "will not amend the scheduling order until" it resolved two pending motions: Global's second Motion for Reconsideration, and an unrelated Motion in Limine. ECF No. 261. The court resolved Global's Motion for Reconsideration on January 14, 2021. ECF No. 280. Once the court decided both motions, Aerojet requested, on May 27, 2021, that the court reopen discovery on a limited basis and that briefing on Global's bad faith Motion for Summary Judgment be delayed until discovery was completed. ECF No. 284.

Aerojet made a motion before the district judge assigned to this case, Chief District Judge Kimberly J. Mueller, seeking to amend the scheduling order to reopen limited discovery on its bad faith claim. ECF No. 286. Chief Judge Mueller noted that "[s]pecifically, Aerojet seeks 'to amend the Scheduling Order to permit Aerojet to conduct up to five depositions, and similarly limited written discovery, focused on the reasonableness and adequacy of the claims investigation by Condon & Forsyth and documents Aerojet recently received regarding that investigation.' " ECF No. 295 at 4. Judge Mueller granted the motion. ECF No. 295.

## II. Motions

Defendant Global requests that the court enter a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(C) that (1) bars Aerojet from conducting a 30(b)(6) deposition, and directs Aerojet to

3

instead ask whatever questions it has about the documents produced in compliance with earlier orders during its deposition of Katherine Posner, and (2) pursuant to Rule 26(c)(1)(D), forbids inquiry of any form into specific topics contained in Aerojet's 30(b)(6) notice. ECF No. 305 at 7. In a related discovery motion, plaintiff Aerojet moves to compel responses to two interrogatories (Interrogatories 1 and 2) and two requests for admission (RFAs 1 and 2).

### III.     Analysis: Motion for Protective Order

Under the Federal Rules of Civil Procedure, the method available to limit the breadth or use of a discovery request is a motion for a protective order under Fed. R. Civ. P. 26(c). This rule states in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending[.] The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c). Options available to the court include, in part, "forbidding the disclosure or discovery; [ ] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Id. District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)).

Here, Global fails to show good cause for forbidding Aerojet's noticed 30(b)(6) deposition or for preventing questions on specific topics contained in Aerojet's 30(b)(6) notice. Indeed, the undersigned finds the motion to be a somewhat disingenuous attempt to re-litigate the order issued by Chief Judge Mueller. First, Aerojet's ability to take a 30(b)(6) deposition within the

4

context of reopened discovery has already been established. The briefing before Judge Mueller specifically contemplated that a Rule 30(b)(6) deposition notice would issue; Aerojet's reply to the motion to reopen discovery cites case law stating that a party may take depositions regarding apparent deficiencies in document production and states "[t]his is precisely the remedy Aerojet is seeking in requesting a Rule 30(b)(6) deposition from the witness at Condon & Forsyth knowledgeable about these documents[.]" ECF No. 290 at 6. Judge Mueller granted the motion and allowed Aerojet to conduct "up to five depositions, and similarly limited written discovery, focused on the reasonableness and adequacy of the claims investigation by Condon & Forsyth and documents Aerojet recently received regarding that investigation." ECF No. 295. In light of Chief Judge Mueller's order and the supporting briefing, the undersigned will not issue a protective order preventing a 30(b)(6) deposition.

Second, the topics proposed in Areojet's 30(b)(6) notice align with the additional discovery contemplated in Chief Judge Mueller's order. ECF No. 305-4 (amended deposition notice). Global argues that of the 15 topics contained in the 30(b)(6) notice, "no fewer than six exceed the timeframe of the limited discovery granted in the January 4 Order (Topics 4, 6, 10, 11, 13 and 14), three are directed to privileged information about work performed in this litigation by trial counsel, despite having represented to the Court that no such discovery would be conducted (Topics 4, 13 and 14), and four seek discovery of the inner workings of Condon & Forsyth in general, with no connection to Aerojet's claim (Topics 5, 6, 10 and 11)." ECF No. 305 at 12. The contested topics state as follows:

- Topic 4: The Testifying Individual(s)'s Communications related to Aerojet's Pre-Denial Claim and preparation for this deposition;
- Topic 5: The location of (including systems used by Condon & Forsyth), and the manner in which Condon & Forsyth typically maintains, client files and all client related documentation and information from August 21, 2015 to October 4, 2016;
- Topic 6: The location of (including systems used by Condon & Forsyth), and the manner in which Condon & Forsyth maintained files related to Global and the Defendants from November 2014 to present;

5

- Topic 10: Condon & Forsyth's calendar system, including the system used, how the system is maintained, who has access to individual calendars, and the efforts to collect and produce calendar entries;
- Topic 11: Condon & Forsyth's billing records, including the process to generate invoices, the process for review of invoices, and the process for maintaining and producing invoices for the Aerojet Pre-Denial Claim;
- Topic 13: The method and manner used by Condon & Forsyth to identify the documents produced in this litigation including, but not limited to the identification of relevant custodians, sources of data, databases, keywords, search terms, predictive coding or any other technology assisted review;
- Topic 14: The individuals responsible for reviewing documents prior to production, the training provided to such individuals for identifying responsive documents, and the methods used by reviewers to identify responsive documents.

ECF No. 305-4 at 4-5.

Topics 4, 6, 10, 11, 13 and 14 do not exceed the timeframe contemplated in Chief Judge Mueller's order. Topic 4 is directed at the designated witness's preparation and is an appropriate deposition topic. An entity subject to a 30(b)(6) deposition has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter. Adidas Am., Inc. v. TRB Acquisitions LLC, 324 F.R.D. 389, 394 (D. Or. 2017). Aerojet is permitted to inquire into this topic, particularly given the fraught discovery history of this case. Topics 6, 10, 11, 13 and 14 do not specify a date range, but neither did Chief Judge Meuller's order. The court disagrees that these topics necessarily exceed the scope of the order.

Topics 4, 13, and 14 are not directed at privileged or work product information. As discussed above, topic 4 goes to witness preparation. Topics 13 & 14 are appropriate topics for records custodians; they seek to determine how Condon & Forsyth determined which documents it would produce in response to Aerojet's discovery requests, who was responsible for identifying such documents, and what training these individuals received to identify responsive documents.

These topics are appropriate in scope and tailored to Chief Judge Mueller's order. They are directed only at Condon & Forsyth's efforts to search and produce Condon & Forsyth documents as an agent of Global.

Topics and 5, 6, 10 and 11 do not improperly seek discovery of the inner workings of Condon & Forsyth in general, with no connection to Aerojet's claim, as asserted by Global. Topics 5 and 6 are relevant to "the nature of Condon & Forsyth's search performed pursuant to the Court's order" and "why Condon &Forsyth produced such limited documentation in response to that order." ECF No. 286-1 at 14-16. These topics seek background information and context regarding how and where Condon & Forsyth maintained client files between August 21, 2015 and October 4, 2016, including Global's files, and what its policies are regarding document retention. These topics are relevant to determining the type and quantity of documents that Condon & Forsyth should be expected to maintain, search for, and ultimately produce. Topics 10 and 11 are linked to Aerojet's claim that calendar entries were missing from Condon & Forsyth's production. ECF No. 286-1 at 14-15.

Global has failed to present good cause for issuance of a protective order. The undersigned finds the proposed 30(b)(6) deposition falls within the scope of Chief Judge Mueller's order and the topics presented appropriate and relevant. The motion for a protective order is therefore DENIED.

### IV.     Analysis: Motion to Compel

Where a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33, the party seeking discovery may move for compelled disclosure. Fed. R. Civ. P. 37(a). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal.1995). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections. DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)); see also Nugget v. Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel

because moving party did not show the request fell within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship, 519 F.2d at 429.

      a.  <u>Interrogatories</u>

Aerojet asserts that Global's responses to its Interrogatories 1 and 2 are evasive and incomplete.  ECF No. 306 at 13.  Global counters that Interrogatory 1 is unreasonably duplicative and cumulative, and Interrogatory 2 requests information only required to be given for expert witnesses.  Id. at 18-20.  The disputed interrogatories and Global's responses are set forth below.

- INTERROGATORY NO. 1:

    Identify and describe the tasks and actions taken by You to investigate and/or evaluate Aerojet's Pre-Denial Claims including who was involved, what actions each involved person took, why and when such actions were taken, and the results of such actions.

- Global's Response:

    In addition to the foregoing general objections, the Global Defendants object to Interrogatory No. 1 on the grounds that it is overly broad, unduly burdensome and in violation of the scope of limited written discovery granted by the Court's Order of January 4, 2022. In that regard, Interrogatory No. 1 is duplicative of discovery already conducted in this litigation, including the Rule 30(b)(6) deposition of Global Aerospace, Inc., the depositions of Sharon Holahan, Anthony Murphy and Tamer Ahmed, the individuals who have been identified repeatedly as the persons at Global who handled the investigation and evaluation of the Aerojet's Pre-Denial Claim, as well as the noticed depositions of Katherine Posner and Wendy Grossman. Global Defendants further object to Interrogatory No. 1 to the extent that it seeks information beyond the scope of the Court's Order which limits inquiry by Aerojet for the purposes of the limited discovery to the period August 25, 2015 to October 4, 2016.

    Subject to the foregoing objections, the Global Defendants state that Aerojet's Pre-Denial Claim was investigated and evaluated by Sharon Holahan, Anthony Murphy and Tamer Ahmed of Global Aerospace, Inc., beginning on August 21, 2015 through September 8, 2016, who then consulted with representatives of the co-insurers, as required by the North American Claims Handling Agreement, during the period from September 9, 2016 to October 4, 2016. [ . . .]

- INTERROGATORY NO. 2:

    Identify and describe the background and experience of Kathy Posner and Wendy Grossman related to the Commercial Space Launch Act ("CSLA"), the FAA's implementing regulations, and other U.S. laws and regulations applicable to commercial space

8

> launches including any classes, seminars or other such programs attended by or led by Ms. Posner and/or Ms. Grossman, and any articles written by Ms. Posner and/or Ms. Grossman.

- Global's Response:

> Ms. Posner and Ms. Grossman are experienced aerospace attorneys with the law firm of Condon & Forsyth, a well-known and highly regarded law firm with extensive experience serving clients in the aerospace industry. Other than as has been testified to by those defense witnesses deposed by Aerojet and to whom questions were posed, the Global Defendants have no additional knowledge regarding Ms. Posner and Ms. Grossman's background and experience with regard to the CSLA and its implementing regulations or other unspecified U.S. laws and regulations. Additionally, the Global Defendants have no knowledge regarding any classes, seminars, or programs attended by or led by either Ms. Posner or Ms. Grossman prior to October 4, 2016 with regard to the CSLA and its implementing regulations or of other unspecified U.S. laws and regulations applicable to commercial space launches.

ECF No. 306 at 120-24.

With respect to Interrogatory 1, Aerojet argues that while Global did provide an amended answer that gave additional information about the tasks performed by Global in-house counsel, it refused to provide similar detail regarding the work of Condon & Forsyth, including attorneys Posner and Grossman. ECF No. 306 at 6. Aerojet argues the response provided is deficient in that it does not provide any detail about Grossman and Posner's work or the timing of their actions, or the result of tasks and actions. Id. at 7. Global counters that this interrogatory is unreasonably cumulative, duplicative, and unduly burdensome because Aerojet has already deposed all three Global employees who actively participated in Aerojet's indemnity claim and has been given leave to depose Ms. Posner and Ms. Grossman. ECF No. 306 at 22.

The court disagrees that Interrogatory 1 is cumulative, duplicative, or unreasonably burdensome. The fact that Aerojet will have the opportunity to depose Ms. Posner and Ms. Grossman only supports the need for a fulsome answer to this interrogatory: Aerojet should have the opportunity to question Posner and Grossman about the responses. Global must supplement its response to Interrogatory 1.

With respect to Interrogatory 2, Global asserts that Fed. R. Civ. P. 26(a)(2)(B)(iv) contemplates discovery of this type of information only with respect to expert witnesses and not

in other contexts. ECF No. 306 at 24. Global also repeats its argument made with respect to Interrogatory 1, asserting the question is cumulative, duplicative, and burdensome. <u>Id.</u> The court disagrees for the same reasons discussed above. As to the assertion that "background and experience" questions are limited to expert witnesses, Global cites no caselaw to support this proposition and the rule itself simply specifies the information that must be included in an expert witness's written report. Nothing in the rule states that other witnesses cannot be asked about their background and experience. Global must supplement its response to Interrogatory 2.

        b. <u>Requests for Admission</u>

Aerojet contends Global's responses to its RFAs 1 and 2 are evasive and incomplete, and that Global failed to conduct a reasonable inquiry. ECF No. 306 at 14-16. Global contends that RFAs 1 and 2 are not proper subjects for admission statements. The RFAs and Global's responses are set forth below.

- REQUEST FOR ADMISSION NO. 1

   > Admit You have produced every email dated prior to October 4, 2016 between Ms. Grossman and Ms. Posner related to Condon & Forsyth's investigation and/or evaluation of Aerojet's Pre-Denial Claim.

- REQUEST FOR ADMISSION NO. 2

   > Admit You have produced every document dated prior to October 4, 2016 related to Condon & Forsyth's investigation and/or evaluation of Aerojet's Pre-Denial Claim.

- Global's Response (Identical for RFA 1 and RFA 2):

   > The Global Defendants object to Request for Admission No. 1 to the extent it seeks an admission from a person or entity that is not a party to this litigation on the ground that Rule 36 of the Federal Rules of Civil Procedure is expressly limited to parties. Subject to the foregoing objection, the Global Defendants state that they cannot admit or deny Request for Admission No. [1 and 2] because they lack control over any document that did not form part of Condon & Forsyth's file on Aerojet's Pre-Denial Claim and lack any information regarding whether documents or ESI located outside such file exist.

ECF No. 306 at 126.

The court agrees that Global's response to the RFAs is evasive and asserts lack of control without indicating that any attempt has been made to investigate whether production was

complete. Rule 36(a)(1) provides that a party may serve a request to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 26(b)(1) permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense..." A component Aerojet's bad faith claim is Global's ongoing attempt to conceal its investigation from discovery through improper invocations of attorney-client privilege and work product protection.

Global's reliance on document control does not justify the failure to admit or deny: if Global has produced all responsive, non-privileged documents within its control (as defined for the purposes of discovery[1]), then Global should be able to admit the RFAs. The evasive response is not sufficient. The motion to compel is GRANTED.

### V. Conclusion

Defendant's motion for a protective order (ECF No. 301) is DENIED. Plaintiff's motion to compel (ECF No. 303) is GRANTED. Additional documents and responses made necessary by this order must be produced within 14 days.

IT IS SO ORDERED.

DATED: March 23, 2022

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989).