Milton "Skip" Smith
Email: msmith@shermanhoward.com
Christopher R. Mosley
Email: cmosley@shermanhoward.com
SHERMAN & HOWARD L.L.C.
675 Fifteenth Street, Suite 2300
Denver, CO 80202
Phone: (303) 297-2900

William R. Warne
Email: bwarne@downeybrand.com
DOWNEY BRAND LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Phone: (916) 444-1000

*Attorneys for Plaintiff Aerojet Rocketdyne, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AEROJET ROCKETDYNE, INC. f/k/a AEROJET-GENERAL CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL AEROSPACE, INC.; ET AL.,<br><br>Defendant.<br><br>―――――――――――――――<br><br>AND RELATED CROSS-ACTIONS | Case No. 2:17-CV-01515-KJM-AC<br><br>**AEROJET'S RESPONSE IN OPPOSITION TO GLOBAL'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE CLAIRE'S MARCH 24, 2022 ORDER (ECF 308)** |

AEROJET'S RESPONSE IN OPPOSITION TO REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE CLAIRE'S MACH 24, 2022 ORDER (ECF 308)
54737408.1

Aerojet Rocketdyne, Inc. ("Aerojet"), through the undersigned counsel, responds to the Defendants' Request for Reconsideration of Magistrate Judge Claire's March 24, 2022, Order (ECF 308) Denying Global's Motion for Protective Order (ECF 301) and Granting Aerojet's Motion to Compel (ECF 303).

Pursuant to Fed. R. Civ. P. 72(a) and Local Rule 303, Magistrate Judge Claire's Order must be affirmed because it is consistent with the law and facts, and its conclusion is correct.

## INTRODUCTION

Aerojet is actively seeking to complete its discovery regarding Aerojet's bad faith claim and Global's failure to comply with its discovery obligations so that it can move this case toward resolution. To do so, Aerojet requested and Judge Mueller granted discovery on two subjects: "[1] the reasonableness and adequacy of the claims investigation by Condon & Forsyth and [2] documents Aerojet recently received regarding that investigation." ECF 295 at 4. Specifically, the Court granted Aerojet five of each type of written discovery and five depositions to complete its discovery on these two topics. Aerojet has only noticed four depositions and served a total of six written discovery requests.

In response, and as it has done for more than four years (and despite losing nearly every briefed discovery dispute), Global continues its various efforts to thwart production of what the Court has determined Aerojet is entitled to receive.[1]

Magistrate Judge Claire correctly read this Court's prior order in its entirety and correctly applied the facts and the law. Because these discovery issues and the factual background surrounding them have been briefed repeatedly and at length, Aerojet will keep its argument on the merits of reconsideration brief and to the point.

---

[1] Consequently, Aerojet will be seeking this Court's supervision of the Condon & Forsyth depositions. In particular, in accordance with the Court's ability to accommodate the request, Aerojet will seek to have the Condon & Forsyth depositions take place at the federal courthouse to permit contemporaneous rulings on objections and instructions not to answer by Magistrate Judge Claire. In the event the Court cannot accommodate that request, Aerojet will seek the telephonic supervision of the depositions by Magistrate Judge Claire, or the appointment of a special master for that limited purpose. Aerojet has started the meet and confer process on such a motion.

# PROCEDURAL HISTORY

This Court is well aware of the long-protracted discovery disputes in this case as laid out in this Court's January 4, 2022, Order (ECF 295 at 2-4). Since that Order, which mandated that discovery be completed by March 4, 2022 (*id.* at 10), the following motions and orders have issued:

- Global requested an extension to April 8 due to Global retaining new counsel to defend the depositions (ECF 298). Aerojet raised no objection.
- Global opposed Aerojet's 30(b)(6) deposition and filed a motion for protective order with Magistrate Judge Claire (ECF 301).
- Given Global's failure to adequately respond to the written discovery submitted by Aerojet, Aerojet filed a motion to compel with Magistrate Judge Claire (ECF 303).
- Magistrate Judge Claire issued an Order denying Global's motion for a protective order and granting Aerojet's motion to compel (ECF 308).
- Instead of complying with Magistrate Judge Claire's Order, Global has moved for reconsideration for a third time with respect to the discovery at issue (ECF 312).
- Global has filed a motion to quash the deposition subpoena issued to Mr. Alberi of Condon & Forsyth[2] in the Southern District of New York.
- Thereafter, Aerojet requested that the Southern District of New York transfer the motion to quash the Alberi deposition to this district.

---

[2] Mr. Alberi is the Litigation Support Manager for Condon & Forsyth, and in 2021 and 2022 he produced all the Condon & Forsyth documents at issue. Aerojet seeks to depose him on his technical, percipient knowledge of those productions.

# ARGUMENT

## A. Legal Standard

Federal Rule of Civil Procedure 72(a) directs district judges to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

"A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original). "[R]eview under the 'clearly erroneous' standard is significantly deferential[.]" *Id.* at 623.

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Estate of Stephen E. Crawley v. Robinson*, No. 13-02042, 2015 U.S. Dist. LEXIS 80712, at *2 (E.D. Cal. June 22, 2015) (internal quotations omitted).

In reviewing pretrial orders of a magistrate, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Instead, the burden is on the objecting party to "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Enriquez v. City of Fresno*, No. CV F 10-0581 AWI DLB, 2011 U.S. Dist. LEXIS 29998, at *3 (E.D. Cal. Mar. 23, 2011).

## B. Magistrate Judge Claire's Order Denying The Protective Order Is Correct And Consistent With The Law And Facts.

Magistrate Judge Claire correctly identified Global's burden of demonstrating "good cause" and "a specific showing of harm or prejudice" when seeking a protective order. ECF 308 at 4 *citing In re Roman Catholic Archbishop of Portland,* 661 F.3d 417, 424 (9th Cir. 2011). Her Honor reviewed the briefing on these issues before Judge Mueller that requested a Rule 30(b)(6) records deposition (ECF 308 at 5 citing ECF 290 at 6) and analyzed each of the topics in the

deposition notice within that framework (ECF 308 at 5-7), including citations to relevant case authority.

In the Request for Reconsideration, the primary fact Global identifies as "ignored" or as distinguishable from "common litigation situations" is its allegation that Ms. Posner is the only potential Rule 30(b)(6) designee for Condon and Forsyth. (ECF 312 at 22, 23, and 24). Rather than ignore this fact, Magistrate Claire's Order correctly cites law on the different standard for preparation that is required of a Rule 30(b)(6) designee than of a percipient witness. (ECF 308 at 6 *citing Adidas Am. Inc. v. TRB Acquisitions, LLC,* 324 F.R.D. 389, 394 (D.Or. 2017)).

Moreover, the contention that Condon & Forsyth, as a non-party, is immune to a Rule 30(b)(6) deposition because Posner is the "only potential witness Condon & Forsyth could designate" is nothing more than a rehash of Global's argument in opposition to Aerojet's motion to amend the scheduling order, in which it contended that any deposition of trial counsel would invade privilege and result in substantial prejudice. *See* ECF 297 at 18-23. Global's belated complaint that permitting a 30(b)(6) to proceed where the anticipated witness is trial counsel would invade privilege is "a new argument for the same objection…[R]econsideration is not normally granted where the party is now making the arguments it could have made earlier, but failed to." *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, No. 2:11-cv-3471 KJM AC, 2016 U.S. Dist. LEXIS 109451, at *8 (E.D. Cal. Aug. 17, 2016).

Additionally, there is no indication Magistrate Judge Claire ignored the statements in Posner's declaration regarding calendar entries when she determined "Topics 10 and 11 are linked to Aerojet's claim that calendar entries were missing from Condon & Forsyth's production." (ECF at 7). The explanation of calendar entries in a conferral letter referenced in that Declaration (ECF 305-1 ¶ 2) is not a substitute for deposition inquiry into such missing calendar entries. Magistrate Judge Claire's Order denying Global's Motion for Protective order is not clearly erroneous and must be upheld.

### C. Magistrate Judge Claire's Order Granting The Motion To Compel Is Correct And Consistent With The Law And Facts.

#### a. Interrogatories

Magistrate Judge Claire correctly identified that Global is "required to carry a heavy burden" in refusing to respond to Aerojet's discovery requests. ECF 308 at 8 *citing Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). In *Blankenship,* the court allowed a deposition over the objection that what the witness had to offer would be repetitious with what plaintiff learned from other sources. Here, Aerojet has not yet learned what steps Kathy Posner and Wendy Grossman took in the investigation (Interrogatory No. 1) nor has it learned anything about their backgrounds in commercial space law (Interrogatory No. 2). The possibility that Ms. Posner and Ms. Grossman might testify about these topics in the future does not render these requests duplicative or cumulative. Similarly, Global cited no caselaw that would prohibit interrogatories about the background and experience of investigators. ECF 308 at 10. Failure to cite any caselaw for its refusal to respond is a failure to carry the heavy burden associated with such reconsideration requests. Therefore, Magistrate Claire's Order requiring Global to respond to the Interrogatories must stand.

#### b. Requests for Admission

Magistrate Judge Claire correctly identified that "control" in this context "is defined as the legal right to obtain documents upon demand." ECF 308 at 11 *citing US v. Int'l Union of Petroleum and Inds. Workers, AFL-CIO,* 870 F.2d 1450, 1452 (9th Cir. 1989). Thus, Global's assertion that it has no control over Condon & Forsyth's documents without any explanation of Global's attempts to determine if the production is complete violates Rule 36(a)(4). In particular, that Rule provides: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if that party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Magistrate Judge Claire accurately determined Global's response was insufficient and that decision should stand. Global's motion for reconsideration alleges "All

documents from the 'pre-denial investigation' period have been produced" (ECF 312 at 31). If Global's attorneys are able to make that representation to this Court, there is no reason Global cannot respond to the Requests for Admission that relate to Condon & Forsyth's document productions.

## CONCLUSION

Wherefore, Aerojet respectfully requests this Court enter an order denying Global's Motion for Reconsideration.

Dated April 13, 2022

By: */s/ William R. Warne*
WILLIAM R. WARNE
DOWNEY BRAND LLP

-AND-

MILTON "SKIP" SMITH
CHRISTOPHER R. MOSLEY
SHERMAN & HOWARD L.L.C.

ATTORNEYS FOR PLAINTIFF
AEROJET ROCKETDYNE, INC.