UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aerojet Rocketdyne, Inc., | No. 17-cv-01515-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Global Aerospace, Inc., et al., | |
| Defendants. | |

Defendant-insurer Global Aerospace, Inc. moves this court to reconsider the magistrate judge's order on its Motion for a Protective Order and plaintiff Aerojet Rocketdyne, Inc.'s related Motion to Compel. Having considered the parties' submissions, relevant legal authority, and the record in this case, the court **denies** Global's motion in full.

**I.   BACKGROUND**

In this insurance coverage and bad faith lawsuit, Aerojet has been attempting to obtain discovery about non-party Condon & Forsyth's pre-denial claim investigation for almost five years. *See* Smith Decl. ¶ 10, ECF No. 306. Global has responded to Aerojet's discovery requests by asserting privilege and work-product protection. *See, e.g.*, 2018 Mot. Protective Order at 15–16, ECF Nos. 130 & 134; *see also* Jan. 2019 Order at 4–6, ECF No. 137 (rejecting Global's

/////

1

attorney-client privilege and work-product arguments).  Global's response has led to a protracted discovery dispute, which this court outlined in a previous order:

> Aerojet filed a motion to compel production on February 1, 2019, *see* ECF No. 151, which the court granted a month later, *see* Mot. Compel Order, ECF No. 189.  Global then moved for reconsideration, *see* ECF No. 197, which Aerojet opposed, *see* ECF No. 200, and the court denied on October 7, 2019, *see* First Mot. to Recons. Order, ECF No. 239.  Global then moved for reconsideration a second time.  *See* ECF No. 248.  Again, Aerojet opposed.  *See* ECF No. 249.  The court denied the Motion for Reconsideration and granted the Motion to Compel in its entirety, again, on January 14, 2021.  *See generally* Second Mot. to Recons. Order, ECF No. 277.  All in all, it took roughly two years to resolve Aerojet's Motion to Compel. . . . Aerojet only started receiving the contested documents in February 2021, and it soon began to meet and confer regarding what it perceived as deficiencies in the production.  Global sent its last batch of production to Aerojet on May 12, 2021.  *See* Mot. Amend Sched. at 17 n.6, ECF No. 286-1.

Mot. Am. Order at 3–4, ECF No. 295.  In response to alleged deficiencies in Global's production, this court granted Aerojet's Motion to Reopen Limited Discovery on its bad faith insurance claim on January 4, 2022.  *See id.* at 10.  Specifically, this court granted Aerojet leave to conduct up to five depositions and to propound five requests for production, five requests for admission, and five interrogatories focused on the reasonableness and adequacy of Condon & Forsyth's claim investigation and incongruities between Condon & Forsyth's billing entries and Global's 2021 document production.  *Id.*

On February 16, 2022, Aerojet moved to compel responses to certain of the additional discovery granted, namely two interrogatories and two requests for admission, *see* ECF Nos. 303 & 306, and Global sought a protective order barring Aerojet from conducting a Rule 30(b)(6) deposition, *see* ECF Nos. 301 & 305.  The magistrate judge granted Aerojet's Motion to Compel in its entirety, *see* Order at 11, ECF No. 308, and denied Global's Motion for a Protective Order in its entirety, *id.* at 7, finding Global's motion was a "somewhat disingenuous attempt to re-litigate the order issued by" this court, *id.* at 4.  Global now moves this court to reconsider the magistrate judge's order.  *See generally* Mot. Recons., ECF No. 312.

2

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires that district judges consider timely objections to non-dispositive pretrial orders issued by magistrate judges and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); E.D. Cal. R. 303(f). A magistrate judge's decision is "'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [an] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 10-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014); 12 Fed. Prac. & Proc. Civ. § 3069 (3d ed.) (noting "'contrary to law' appears to invite plenary review," though "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (alteration in original) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "[R]eview under the 'clearly erroneous' standard is significantly deferential[.]" *Id.* at 623.

## III.   DISCUSSION

The court first addresses the motion for reconsideration as to Global's Motion for a Protective Order before turning to Aerojet's Motion to Compel.

### A.   Global's Motion for a Protective Order

On reconsideration, Global makes three principal arguments. First, Global argues this court's January 2022 order did not grant Aerojet leave to conduct a Rule 30(b)(6) deposition. *See* Joint St. at 5, ECF No. 305; Mot. Recons. at 19. The magistrate judge correctly rejected this argument. As relevant here, this court granted Aerojet leave to conduct up to five depositions, *see* Mot. Am. Order at 4, 10; a Rule 30(b)(6) deposition is a deposition. Moreover, the parties explicitly contemplated Aerojet's taking a Rule 30(b)(6) deposition in their briefing on Aerojet's Motion to Amend the Scheduling Order. *See, e.g.*, Global's Opp'n at 21, ECF No. 287 ("Aerojet

3

1  insists that it should be given an opportunity to conduct a Rule 30(b)(6) deposition of Condon &
2  Forsyth to test the completeness of [its] production."); Aerojet's Reply at 6, ECF No. 290
3  ("Aerojet is seeking . . . a Rule 30(b)(6) deposition from the witness at Condon & Forsyth
4  knowledgeable about these documents and [it] should be allowed."). This court found "Aerojet is
5  entitled to [its] requested discovery." Mot. Am. Order at 9.

6  Second, Global submits Aerojet's proposed Rule 30(b)(6) deposition "bears no relation to
7  the reasonableness or adequacy of the claim investigation or any other information that is
8  potentially relevant to Aerojet's bad faith claim." Joint St. at 5. The magistrate judge correctly
9  found to the contrary. Aerojet's proposed 30(b)(6) topics align with the additional discovery
10 contemplated in this court's January 2022 order. *Compare* Mot. Am. Order at 4, 10 (granting
11 Aerojet leave to conduct discovery focused on reasonableness and adequacy of Condon &
12 Forsyth's claim investigation and incongruities between Condon & Forsyth's billing entries and
13 Global's document production)*, with, e.g.*, Am. Rule 30(b)(6) Dep. Not. at 5, ECF No. 305-4
14 ("Topic 14: The individuals responsible for reviewing documents prior to production, the training
15 provided to such individuals for identifying responsive documents, and the methods used by
16 reviewers to identify responsive documents.").

17 Global's final argument rehashes a now-familiar theme: Global submits Aerojet's
18 proposed Rule 30(b)(6) deposition "is designed to invade the attorney-client privilege and work
19 product protection, exposing to discovery all legal advice rendered to the Global Defendants
20 through this litigation as well as all work product, including litigation strategy, of its chosen
21 defense counsel." Joint St. at 17. Global points to Aerojet's fourth topic—"[t]he testifying
22 individual's communications related to Aerojet's pre-denial claim and preparation for th[e]
23 deposition"—as an example. *Id.* at 21. Global argues such an inquiry "necessarily encompasses
24 privileged communications and work product." *Id.*

25 This argument is premised on Global's insistence that Global's trial counsel, Katherine
26 Posner, is "the only appropriate [30(b)(6)] witness" because she "is the person most
27 knowledgeable about the topics in the 30(b)(6) notice." *Id.* But Rule 30(b)(6) does not require a
28 corporate entity to produce its "most knowledgeable" person, and courts have repeatedly rejected

1  such an interpretation of the rule. *See, e.g.*, *Century 21 Real Est., LLC v. All Pro. Realty, Inc.*,
2  No. 10-2751, 2012 WL 2116409, at *2 n.3 (E.D. Cal. June 6, 2012) ("While a Rule 30(b)(6)
3  deponent must be a person with 'knowledge,' either personal or acquired, there is no requirement
4  that the person designated be 'most knowledgeable.'"); *Gucci Am., Inc. v. Exclusive Imports Int'l*,
5  No. 99-11490, 2002 WL 1870293, at *8 (S.D.N.Y. Aug. 13, 2002) ("Because Rule 30(b)(6)
6  witnesses testify on the corporation's behalf, courts routinely hold that such deponents need not
7  have personal knowledge on a given subject, so long as they are able to convey the information
8  known to the corporation." (collecting cases)); Charles Alan Wright & Arthur R. Miller, *Federal*
9  *Practice and Procedure* § 2103 (3d ed. 2022) ("It is . . . obvious that, since the deposition of any
10 person can be taken, any person associated with the corporation and acquainted with the facts
11 may be examined [as a Rule 30(b)(6) witness]."). Because Global need not designate Ms. Posner
12 as the 30(b)(6) witness, her dual role does not prevent the 30(b)(6) deposition. *See* Wright &
13 Miller, § 2103 ("One remedy frequently invoked when the witness initially designated is unable
14 to provide adequate answers is to require that another witness be designated.") (collecting cases).

15 The court finds no reason to reconsider the magistrate judge's conclusion, as it was neither
16 clearly erroneous nor contrary to law. Aerojet is entitled to take the Rule 30(b)(6) deposition, and
17 its proposed topics are relevant and appropriate in scope. The court **denies** Global's motion for
18 reconsideration on this issue. The 30(b)(6) must take place promptly, as ordered below.

19      **B.     Aerojet's Motion to Compel**
20 Aerojet also moved to compel responses to two interrogatories and two requests for
21 admission. *See* ECF No. 303. The court discusses each in turn.

22          **1.     Interrogatories**
23 Aerojet's first interrogatory reads as follows:

24          INTERROGATORY No. 1: Identify and describe the tasks and
25          actions taken by [the Condon & Forsyth personnel who worked on
26          Aerojet's Pre-Denial Claim] to investigate and/or evaluate **Aerojet's**
27          **Pre-Denial Claim**[1] including who was involved, what actions each

---

[1] Aerojet's discovery requests defined "Aerojet's Pre-Denial Claim" as "the indemnity claim Aerojet presented to the Defendants on February 17, 2016, following the notice of

5

|   |   |
|---|---|
| 1 | involved person took, why and when such actions were taken, and |
| 2 | the results of such actions. |

ECF No. 306 at 55. Global argues this interrogatory is "in violation of the scope of limited written discovery granted by the Court's Order of January 4, 2022." *Id.* at 72. The court disagrees. As noted above, this court granted Aerojet leave to conduct discovery focused on the reasonableness and adequacy of Condon & Forsyth's claim investigation and apparent incongruities between Condon & Forsyth's billing entries and Global's document production. *See generally* Mot. Am. Order. Aerojet's first interrogatory conforms to the court's grant.

Global also argues Aerojet's interrogatory is unreasonably cumulative, duplicative, and burdensome because, for example, Aerojet has been given leave to depose Ms. Posner and Ms. Grossman. Joint St. at 22–24. The magistrate judge rejected this argument, noting "[t]he fact that Aerojet will have the opportunity to depose Ms. Posner and Ms. Grossman only supports the need for a fulsome answer to this interrogatory: Aerojet should have the opportunity to question Posner and Grossman about the responses." Order at 9. The court agrees. The court also notes its January 2022 order foreclosed Global's objection: The court granted Aerojet leave to depose Ms. Posner and Ms. Grossman and propound relevant interrogatories. The magistrate judge's conclusion is neither clearly erroneous nor contrary to law.

Aerojet's second interrogatory reads as follows:

> INTERROGATORY No. 2: Identify and describe the background and experience of Kathy Posner and Wendy Grossman related to the Commercial Space Launch Act ("CSLA"), the FAA's implementing regulations, and other U.S. laws and regulations applicable to commercial space launches including any classes, seminars or other such programs attended by or led by Ms. Posner and/or Ms. Grossman, and any articles written by Ms. Posner and/or Ms. Grossman.

ECF No. 306 at 55. Aerojet argues this interrogatory seeks relevant information because "[o]ne facet of [its] bad faith claim is Global's failure to engage an expert in commercial space law to evaluate aspects of Aerojet's claim." Joint St. at 7 n.3. The court agrees the interrogatory is

---

impending claim Aerojet sent to Defendants on August 21, 2015, through Global's denial of indemnity on October 4, 2016." ECF No. 306 at 52.

relevant and within Rule 33's broad scope. *See* Fed. R. Civ. P. 33(a)(2) ("An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").

Even so, Global objects, arguing the Federal Rules of Civil Procedure contemplate discovery of this type only in connection with expert witnesses, and neither Ms. Posner nor Ms. Grossman is an expert witness. *See* Joint St. at 24 (citing Fed. R. Civ. P. 26(a)(2)(B)(iv)). The magistrate judge correctly rejected this argument, noting Global provided no supporting authority. Order at 10. Nor does Global cite any caselaw supporting this argument on reconsideration. Instead, Global argues the magistrate judge erred because "Aerojet did not cite a single authority to support its argument" and the magistrate judge "put the burden on the Global Defendants to prove a negative." Joint St. at 28. Global's argument misstates the relevant burden of proof, which the magistrate judge correctly articulated. *See* Order at 7 (noting party opposing relevant discovery "is 'required to carry a heavy burden of showing why discovery was denied'" (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975))).

The magistrate judge's conclusions are neither clearly erroneous nor contrary to law. Global must fully and promptly respond to Aerojet's first two interrogatories.

### 2.  Requests for Admission

Aerojet's requests for admission read as follows:

> REQUEST FOR ADMISSION NO. 1: Admit **You** have produced every email dated prior to October 4, 2016 between Ms. Grossman and Ms. Posner related to Condon & Forsyth's investigation and/or evaluation of **Aerojet's Pre-Denial Claim**.
>
> REQUEST FOR ADMISSION No. 2: Admit You have produced every document dated prior to October 4, 2016 related to Condon & Forsyth's investigation and/or evaluation of **Aerojet's Pre-Denial Claim**.

ECF No. 306 at 56.

/////

/////

Global submitted the same response to both requests:

> The Global Defendants object to Request for Admission No[s]. 1 [and 2] to the extent [they] seek[] an admission from a person or entity that is not a party to this litigation on the ground that Rule 36 of the Federal Rules of Civil Procedure is expressly limited to parties. Subject to the foregoing objection, the Global Defendants state that they cannot admit or deny Request for Admission No[s]. 1 [and 2] because they lack control over any document that did not form part of Condon & Forsyth's file on **Aerojet's Pre-Denial Claim** and lack any information regarding whether documents or ESI located outside such file exist.

*Id.* at 78. The magistrate judge correctly found that Global's response is "evasive" and "asserts lack of control without indicating that any attempt has been made to investigate whether production was complete." Order at 10; *see* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

The magistrate judge also found Aerojet's requests permissible. *See* Order at 10–11. Specifically, the magistrate judge found "[a] component [of] Aerojet's bad faith claim is Global's ongoing attempt to conceal its investigation from discovery through improper invocations of attorney-client privilege and work product protection." *Id.* at 11. Global argues this finding suggests the magistrate judge is "of the view that the Global Defendants are not entitled to assert the protection of attorney-client privilege or work product at all in this case." Mot. Recons. at 8.

Global's argument ignores the history of this ongoing discovery dispute. As previously noted, this court resolved a multi-year discovery dispute centered on Global's invocations of attorney-client privilege and work-product protection in January 2021, finding "no privilege exists with respect to Condon & Forsyth's pre-denial claim investigation materials, dated from August 21, 2015 . . . through October 4, 2016[.]" Jan. 2021 Order at 12. Global has taken at least three actions in apparent disregard of that order.

First, the court's order rejected Global's invocation of attorney-client privilege with respect to Condon & Forsyth's pre-denial claim investigation materials and ordered that

8

1  "defendants must provide [Aerojet] access to documents dated beginning August 21, 2015 . . .
2  through October 4, 2016[.]" *Id.* at 12, 16.  Global nevertheless acknowledges relying on the same
3  invocation of attorney-client privilege to withhold documents subject to this court's order, for
4  four more months after the order issued.  *See* Aerojet April 14, 2021 Letter, ECF No. 305-2
5  (noting Global "has not complied in full with [the court's] order" and requesting "prompt, full
6  production"); Posner Decl. ¶¶ 2–3, ECF No. 305-1 (explaining Global withheld relevant
7  documents until mid-May because they "clearly contain legal advice").

8       Second, Global raised the same argument this court had rejected in its December 2021
9  opposition to Aerojet's Motion to Amend the Scheduling Order.  *See* Opp'n at 19, ECF No. 287
10 (continuing to assert Aerojet's entitlement to discovery materials from pre-denial period
11 circumscribed by Condon & Forsyth's role as trial counsel); *id.* at 21 ("[A]ny information sought
12 about the thought processes of defense trial counsel during the time they were deemed to have
13 been acting as claims handlers leading an investigation is inextricably intertwined with privileged
14 matter pertaining to the coverage issues that persist in this litigation."); *see also* Mot. Am. Order
15 at 8 (rejecting Global's argument as "an echo of arguments made across two years of briefing on
16 Aerojet's Motion to Compel and Global's two Motions for Reconsideration").

17      Third, despite Global's repeatedly assuring this court it had produced all documents
18 responsive to Aerojet's December 2017 discovery requests by mid-May 2021, as required by this
19 court's January 2021 order,[2] Aerojet submits Global produced more than 200 additional
20 responsive documents after this court reopened discovery in January 2022.  *See* Joint St. at 33,
21 ECF No. 306; *see also id.* at 38 (recently produced September 2015 email thread with subject line
22 "Orbital v. Aerojet" in which Ms. Grossman and Ms. Posner discuss whether Global can be
23 shielded from liability).  Global does not appear to dispute Aerojet's assertion.  Instead, Global
24 argues "[t]he January 7, 2022 RFP was the first permissible request directed to Condon & Forsyth

---

[2] *See, e.g.*, Joint Status Report at 7, ECF No. 284 (the parties jointly submitting on May 27, 2021 "The Global Defendants' position is that [Aerojet has] received all documents encompassed by Magistrate Judge Claire's October 7, 2019 Order . . . ."); Opp'n at 21, ECF No. 287 (Global noting on December 3, 2021 that Global's counsel provided "assurances . . . that the Condon & Forsyth document production made in compliance with the October 7, 2019 Order issued by Magistrate Judge Claire . . . is complete"); Posner Decl. ¶ 3.

9

documents; earlier document requests that Aerojet served in this case predated Court Orders eliminating the privilege for the limited period of August 25, 2015 to October 4, 2016." *Id.* at 17. The court understands Global to take the position that Aerojet should have reissued its discovery requests after this court ultimately overruled Global's attorney-client privilege and work-product arguments. The court rejects this argument. First, Global has an ongoing duty to supplement its discovery responses, which its argument utterly disregards. *See* Fed. R. Civ. P. 26(e)(1)(A). Second, Global produced some documents in response to this court's January 2021 order. *See* Joint St. at 9, 20; Posner Decl. ¶¶ 2–3, 18. Global does not explain its insistence that Aerojet must selectively reissue certain 2017 discovery requests, and not others. The magistrate judge's finding that Global's conduct in discovery has become part of Aerojet's bad faith claim was neither clearly erroneous nor contrary to law. *See* Order at 11.

Global's final argument is that "Aerojet's requests for admission constitute misuse of Rule 36(a)" because "they do not request admission of any material fact in this litigation and thus cannot elicit responses that would narrow the range of issues for trial."[3] Mot. Recons. at 29 (citing advisory committee's note to 1970 amendment). This argument challenges in part the relevance of Aerojet's requests. *See* Joint St. at 9 (arguing Aerojet's requests "do not concern facts even potentially relevant to the merits of its bad faith claim"). To this extent, it is foreclosed by this court's January 2022 order reopening discovery. *See* Mot. Am. Order at 8 (granting Aerojet's request to probe "apparent incongruities between Condon & Forsyth's billing entries and Global's document production"). The argument also invites the court to attach more

---

[3] Global also suggests reconsideration is appropriate because the magistrate judge did not address each of its arguments. *See* Mot. Recons. at 29 ("The March 24, 2022 Order does not comment on any of the authorities cited by the Global Defendants or the argument that Aerojet's requests for admission constitute misuse of Rule 36(a)."). A sister court's observation about this kind of argument is apt: "While the Court did not find it necessary to explicitly address each and every argument made in Petitioner's original briefing in its written order, this cannot be construed to suggest that the Court did not consider these same arguments earlier." *Cox v. Calderon*, No. 92-3370, 1999 WL 35807875, at *3 n.2 (C.D. Cal. Aug. 18, 1999); *accord Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980) ("An argument to which sub silentio treatment is accorded may be simply deemed not to have required specific reference. . . . The argument may be deemed to have been considered, but to have been found insufficient in merit; it is not necessarily to be concluded that it must have been totally ignored.").

significance to the advisory committee's note than to Rule 36's expansive language, which the court declines to do. *See Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 590 n.7 (9th Cir. 2022) (noting while Advisory Committee notes can aid in interpreting a Federal Rule of Civil Procedure, they "cannot add to the Rule" a requirement not mentioned therein); Fed. R. Civ. P. 36(a)(1)(A) ("A party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either[.]"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 595 n.13 (2007) ("Rule 26 confers broad discretion to control the combination of interrogatories, requests for admission[], production requests, and depositions permitted in a given case; the sequence in which such discovery devices may be deployed; and the limitations imposed upon them.").

## IV.     CONCLUSION

Global's motion for reconsideration is **denied** in its entirety. Global is **directed** to produce amended responses to Aerojet's requests for written discovery within fourteen days of this order. Global is also directed to designate within fourteen days an appropriate witness to attend the Rule 30(b)(6) deposition Aerojet has noticed, with the deposition to occur promptly thereafter. The court cautions Global that further dilatory or evasive tactics may result in an order to show cause why sanctions should not issue. *See, e.g.*, *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981) (finding district judge was "well within his discretion in asserting the sanction of default judgment" where "sanction was imposed because of appellant's persistent unresponsiveness to both informal discovery requests and formal court orders" and "[a]ppellant never appeared to take seriously the district judge's orders").

This order resolves ECF No. 312.

IT IS SO ORDERED.

DATED: September 30, 2022.

CHIEF UNITED STATES DISTRICT JUDGE