UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aerojet Rocketdyne, Inc., | No. 2:17-cv-01515-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| Global Aerospace, Inc., et al., | |
| Defendants. | |

This is a long-running insurance coverage dispute. *See, e.g.*, Order (Sept. 30, 2022), ECF No. 317. It was prolonged for several years by defendant Global Aerospace Inc.'s refusals to produce evidence in response to requests from plaintiff Aerojet Rocketdyne, Inc. *See id.* at 1–2. The root of the disagreement was Global's assertion of attorney-client privilege and work-product protections. *See id.* at 2–5. The Magistrate Judge has determined the disputed evidence is not protected by the attorney–client privilege or work product doctrine, and this court has denied Global's repeated requests to revisit that decision. *See generally, e.g.*, Order (Sept. 24, 2019), ECF No. 233; Order (Jan. 14, 2021), ECF No. 277; Order (Jan. 4, 2022), ECF No. 295; Order (Sept. 30, 2022), ECF No. 317. In short, although attorneys were involved in the disputed investigation, communications with them were not privileged, and their work product was not

1  protected; the investigation was part of the company's routine business.  It was not conducted in
2  anticipation of litigation.  *See, e.g.*, Order (Jan. 14, 2021) at 9–17, ECF No. 277.

3        Several defendants, including Global, have now moved for summary judgment.  Briefing
4  is ongoing, and a hearing is set for January 25, 2024.  *See* Mot. Summ. J., ECF No. 333.  In the
5  meantime, the defendants move to seal two exhibits to their pending motion: exhibits "AAAA"
6  and "BBBB."  *See generally* Mot. Seal, ECF No. 334.  The exhibits are excerpts of transcripts
7  from two depositions marked "confidential" under the terms of a discovery protective order.  *See*
8  *id.* at 2 & n.1.  The witnesses were Katherine Posner and Wendy Grossman, two attorneys at the
9  center of the dispute about privilege and work product.  *See, e.g.*, Order (Jan. 4, 2022) at 2, ECF
10  No. 295.  The defendants argue the transcripts are "sensitive" and must be sealed because they
11  "would ordinarily be protected by the attorney–client privilege and work product doctrine."  Mot.
12  Seal at 4.

13        "[T]he courts of this country recognize a general right to inspect and copy public records
14  and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns*,
15  435 U.S. 589, 597 (1978) (footnote omitted).  Although that right is not absolute, "a 'strong
16  presumption in favor of access' is the starting point."  *Kamakana v. City of Honolulu*, 447 F.3d
17  1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135
18  (9th Cir. 2003)).  This presumption "is 'based on the need for federal courts, although
19  independent—indeed, particularly because they are independent—to have a measure of
20  accountability and for the public to have confidence in the administration of justice.'"  *Ctr. for*
21  *Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v.*
22  *Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

23        When documents are filed with motions "more than tangentially related to the merits of a
24  case," *id.* at 1101, such as alongside a motion for summary judgment, a party who asks to keep
25  them secret "must meet the high threshold of showing that 'compelling reasons'" support that
26  request, *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1136).  This standard applies
27  even if the documents have previously been filed under seal or are covered by a generalized
28  protective order, including a discovery-phase only protective order.  *See Foltz*, 331 F.3d at 1136.

1  To decide whether the party requesting sealing has carried its burden, the court balances the
2  requesting party's reasons for secrecy with the public's interests in disclosure. *See Kamakana*,
3  447 F.3d at 1179. If a court decides to grant a request to seal, it must explain its reasons and may
4  not rely on "hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434
5  (9th Cir. 1995)).

6  Here, the defendants have not justified their request to seal the deposition transcript
7  excerpts in question. They cannot rely on the confidentiality designation now. Once confidential
8  discovery documents "are made part of a dispositive motion," such as a motion for summary
9  judgment, "they lose their status of being raw fruits of discovery." *Foltz*, 331 F.3d at 1136
10 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 259, 252 (4th Cir. 1988)). They "no
11 longer enjoy protected status 'without some overriding interests in favor of keeping the discovery
12 documents under seal.'" *Id.* (quoting *Rushford*, 846 F.2d at 252).

13 The defendants have no overriding interest in secrecy. They do not claim the testimony
14 was privileged. They do not contend it discloses protected work product. They argue only that
15 the testimony would "ordinarily" be privileged or protected, except that this court has decided
16 they "waived the attorney–client privilege with their outside counsel." Mot. Seal at 4. This
17 argument suffers from two primary faults. First, this court did not find the defendants waived the
18 protections of any privilege or protection. The Magistrate Judge found the documents were *not*
19 privileged and *not* protected, and this court upheld that decision. There was nothing to waive.
20 Second, the defendants' argument proves too much. If an unsuccessful privilege claim could
21 support a motion to seal, then any defendant could keep any document from the public view
22 simply by asserting a meritless privilege claim, waiting for that claim to be rejected, and asking to
23 seal the document because it would "ordinarily" have been privileged. Any evidence could be
24 kept from the public arbitrarily.

25 The defendants also contend the deposition testimony may be kept secret because it is
26 "specific to the particular claim at issue in this litigation." Mot. Seal at 4. This argument
27 undermines their motion. If the court were to grant summary judgment, and if the testimony were
28 sealed, then the public could not read and understand the evidence behind the court's decision—

why, in other words, there was "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

The motion to file under seal is **denied**. **Within seven days**, defendants must either (1) file a notice withdrawing their reliance on Exhibits AAAA and BBBB in connection with their pending motion for summary judgment, or (2) file copies of Exhibits AAAA and BBBB on the public docket.

The court and the parties have already devoted too much time, too much money, and too much effort to arguments about privilege and work product protections. As before, the court warns defendants that "dilatory or evasive tactics may result in an order to show cause why sanctions should not issue." Order (Sept. 9, 2022) at 11, ECF No. 317.

This order resolves ECF No. 334.

IT IS SO ORDERED.

DATED: October 25, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE